## DAWSON *vs.* CALLAWAY.

It is an extreme case, which will justify the Court in dismissing the plaintiff's case for not answering interrogatories, filed by defendant under the Acts of 1847 and 1850—especially where service has been made on counsel only—the party having removed beyond the jurisdiction of the State, and to parts unknown, before the filing of the interrogatories. It would be better, generally, in the first instance, to propose terms less stringent.

Trover and Bail, in Meriwether Superior Court. Decision by Judge BULL, at the August Term, 1859.

Edward J. Dawson instituted his action of Trover and Bail against James Callaway, for the recovery of four negro slaves. The action was made returnable to the February Term, 1849, of Meriwether Superior Court. To this action, the defendant filed his pleas of the general issue, and the Statute of Limitations. On the 24th of March, 1858, the defendant's counsel filed in the Clerk's office the following "interrogatories to be exhibited to the plaintiff in said case, who resides without the limits of the county of Meriwether, from whom the defendant wishes a discovery, on oath, of material facts, to be read on the trial of said case, so as to enable him to successfully defend the same."

"Interrogatory 1st. Have you not conveyed all your interest in the property sued for in said action of trover, and to whom did you convey it? Please state the time you made the conveyance, and the consideration for which you made it? Did you not convey all your interest in said negroes, before the suit was instituted against the defendant, and at what place did you make it, in what county, and in what house? Have you not stated, to divers persons, that you had no interest in said suit, and to whom have you so stated? If you state you have conveyed all your interest in said negroes, was that conveyance in writing or not? If you did not convey all your interest in the negroes sued for, what portion did you convey, and what portion did you reserve to yourself?"

Accompanying these interrogatories, there was a notice to the plaintiff, that they were filed in the clerk's office, "in accordance with the provisions of the statute in such cases made and provided, and that the answers of the plaintiff to said interrogatories would be required at the next term of said Superior Court, to be used on the trial of said cause on the part of the defendant." Service of the interrogatories and notice was acknowledged, and copy and further notice waived, by Messrs. Adams & Knight, who signed the acknowledgment and waiver, as "Attorneys for plaintiff."

At the August Term, 1858, the Court passed the following order in said case:

"It appearing to the Court that interrogatories have been filed in the Clerk's office, addressed to the plaintiff in said case, which were served on the 18th day of March, 1858: It is, therefore, ordered, that the plaintiff answer said interrogatories by the next term of this Court, or said case be dismissed."

The plaintiff, by order of the Court, acknowledged service of the interrogatories, the acknowledgment and service to take effect from the 26th of February, 1859. This acknowledgment was signed by B. H. Hill, plaintiff's attorney.

At the February Term, 1859, the following rule was taken, and served in said case, to wit:

"It appearing to the Court, that, at the last August term of this Court, an order was had and entered on the minutes of this Court, requiring said plaintiff to answer interrogatories filed in said cause, by the present term, or that said case be

dismissed, and said plaintiff, suggesting to the Court said order was improvidently granted, and should be rescinded for the following reasons, to wit:

1. Because said order was granted after said cause had been disposed of for that term, and without notice to the counsel of plaintiff, and after they had left the Court.

2. Because said order was not procured by a rule *nisi*, and plaintiff's counsel were not called on to show cause against the granting of said order.

3. Because a copy of said interrogatories had not been served on the plaintiff or his counsel, and had only been served upon Messrs. Adams and Knight, with notice that they were not counsel for the said plaintiff.

4. Because the continuances in said case, not having been exhausted, said order was premature.

5. Because said order, in the then state of the case, could only be passed by the consent of said plaintiff, or his counsel, which assent had not been obtained at the passage thereof:

"It is, therefore, on motion of plaintiff's counsel, ordered, that the defendant show cause, so soon as counsel can be heard why said order should not be set aside, and annulled, on the grounds aforesaid."

On the hearing of said rule *nisi*, the Court ordered and adjudged, "That the rule *nisi* be made absolute, and that the case be continued by the plaintiff, and that the plaintiff answer the interrogatories direct, and cross, within ninety days after Court, and on failure so to do, to show cause, at the next term of this Court, why said case should not be dismissed."

In answer to this order and rule *nisi*, and for cause why said case should not be dismissed, B. Hill and B. H. Hill, counsel for the plaintiff, showed the following (the facts recited in the showing not being denied):

1st. The interrogatories sued out for the plaintiff by the defendant, and calling on him to answer, whether he had not, since the commencement of said suit, transferred and assigned his interest therein, and to whom he had so assigned his interest, and requiring no other or further answer of any matter, or thing, touching said case, are wholly irrelevant to the issue in said case, and the defendant does not claim or pretend that he is the purchaser of any such interest, or that he

derives any claim or title to the property, from any one being such purchaser, and the plaintiff, therefore, by his counsel, demurs to said interrogatories, and now moves to suppress and set them aside for the reasons aforesaid.

2d. Said cause should not be dismissed, because the said plaintiff's continuances are not exhausted, he never having had but one continuance, since said cause came back from the Supreme Court, and a new trial granted therein.

3d. And for further cause, and in order to show that the said plaintiff is not in contempt for not answering the said interrogatories, B. Hill, of counsel for plaintiff, states in his place professionally, that, at the time said suit was commenced, the plaintiff resided near the line of Meriwether and Talbot counties, in the latter county, and the said B. Hill, and E. H. Worrill, Esq., were his attorneys in bringing said suit and prosecuting the same; that, when said Worrill was promoted to the bench, B. H. Hill took his place in the case; that, before this time, the plaintiff removed to the State of Mississippi, and after such removal, corresponded, as respondent believes, mostly with the said Worrill; that, about two years ago, respondent received a letter from the plaintiff, inquiring about the progress of said cause, but has never since received any other; that respondent was never informed or knew until the last February term of this Court, that the defendant desired to have the testimony of the plaintiff in said case; that shortly after the said last term, and as soon as respondent obtained a copy of the interrogatories (or it may have been the original), and having mislaid the plaintiff's letter, he applied to said Worrill to communicate with the plaintiff and get his answers to said interrogatories, which he promised to do; that resopndent has since been informed by said Worrill, and believes it to be true, that since the last term of this Court, he, Worrill, wrote to the postmaster at the former residence of the plaintiff, in Mississippi, and was informed that the plaintiff had removed to the neighborhood of Pontotoc, in North Mississippi, and that said Worrill corresponded with the postmaster at Pontotoc, and has since ascertained that that is not the plaintiff's post-office or residence, and that said Worrill, nor respondent, has not been able to ascertain the present post-office of the plaintiff, so as to communicate with him; that respondent was about to send a special messenger to the State of Mississippi for the

answers of the plaintiff, and if it should be determined that said answers are material, respondent expects to be able to procure said answers by the next term of this Court. That respondent is satisfied that the plaintiff has no knowledge that said interrogatories are filed, and that on being notified of the same, he will promptly answer, and, as before stated, if said answers are adjudged material, respondent, as counsel of the plaintiff, expects to procure the same."

Upon hearing and considering this showing, the presiding Judge overruled the same, and dismissed the said case.

The plaintiff excepted to this decision of the Judge, and prosecutes the writ of error in this case, to reverse that decision.

B. H. HILL, for the plaintiff in error.

DOUGHERTY, for the defendant in error.

*By the Court.*—LUMPKIN, J., delivering the opinion.

This was an action of Trover, brought by Edward J. Dawson to recover of James Callaway four slaves.

In the progress of the case, interrogatories were filed by the defendant, to prove by the plaintiff that before, or since the commencement of the action (there is some discrepancy in the record upon this point), that he, Dawson, had parted with the title of the property. Service was acknowledged on the interrogatories on the 18th of March, 1858, by Adams and Knight, as plaintiff's attorneys. At the August term thereafter, an order was taken, by defendant's counsel, that the interrogatories be answered by the next term of the Court, or that the case be dismissed.

At the next term of the Court, which was in February, 1859, the plaintiff moved to set aside the order of the preceding term, as having been improvidently granted, on various grounds, which were set forth in the rule. The Court sustained the motion, vacated the order of August, 1858, but directed the counsel of plaintiff to acknowledge service then on the interrogatories, which was done. It was further ordered, that the interrogatories be answered within ninety days, or, on failure to do so, to show cause, at the next term of the Court, why the case should not be dismissed.

At that term, the interrogatories being still unanswered, counsel for plaintiff showed for cause, why the case should not be dismissed: 1st. Because the testimony, if obtained, was not pertinent; 2d. That the plaintiff's continuances had not been exhausted, and until they were, he had the right to retain his case in Court, in order to obtain the testimony, if possible; 3d. Because he had exercised due diligence to procure the testimony.

The showing, being deemed insufficient by the Court, was overruled, and the case dismissed; and this is the decision excepted to.

Four Acts have been passed by the Legislature, authorizing discovery to be had at common law. That is, to allow either party to make his adversary a witness in the cause. The first was in 1847 (*Cobb,* 465.) By the terms of that Act, interrogatories were to be filed for the party, plaintiff or defendant; and if the Court was satisfied that the interrogatories were material and pertinent, and such as the adverse party would be bound to answer on a bill for discovery in a Court of Chancery, the same were to be allowed, and an order passed requiring an answer in sixty days, and upon failure to answer fully, the Court had the right to attach the party as for a contempt, dismiss his case, if plaintiff, or strike out his defence, if defendant, and award judgment as in case of default; *or pass such other order, as might, in the discretion of the Court, be deemed just and proper.*

The Act of 1850, amendatory of the Act of 1847 (*Cobb,* 466), provides, that the order for taking the answer of the party, might be obtained in vacation as well as term time. The fourth section of the Act of 1850 declares that, when it shall be made to appear to the Court that the time allowed for the answer to the interrogatories to come in, shall, from any cause, not be sufficient, the Court may allow such further time as the circumstances of the case may require. And it is worthy of remark, that by this Act, service was authorized to be made on the counsel of the absent party, which was done in this case—the plaintiff himself having left the country previously.

I forbear to comment on the Acts of 1854 (*Pamphlet, p.* 50) and of 1857 (*Pamphlet, p.* 56), both amendatory of the Act of 1847. It is quite apparent, in this case, that the interrogatories were filed under the Acts of 1847 and 1850.

If this be not so, then the defendant is wholly at fault, for, under the Acts of 1854 and 1857, it was his duty to sue out a commission and have the testimony of the plaintiff taken, and he has not taken the first step for that purpose. The interrogatories quietly repose in the clerk's office, where they were deposited by the defendant, or his counsel. It will be well for counsel to scrutinize these different statutes carefully. The Acts of 1847 and 1850 are similar, as were the Acts of 1854 and 1857; but the two first are wholly unlike the two last.

We do not deem it necessary to examine very critically whether the orders passed by the Court were in strict conformity with the Acts of 1847 and 1850, and conceding that the interrogatories were material and pertinent, still the question recurs—was the Court right in dismissing the case? It will be remembered that the plaintiff never has been served personally with these interrogatories. For aught that appears, he has no notice of them. His counsel have been making diligent inquiry to ascertain his residence, but have hitherto failed. Was this a bill in chancery for discovery, and the same diligence had been used to find the defendant to obtain his answer, would the Court allow the bill to be taken *pro confesso?* We think not; and yet that formality would fall far short of dismissing the action. Why not have put the plaintiff upon terms, as the Court was authorized to do by the statute, either to concede the transfer of the title to the property in controversy, or have the action dismissed? This would have been more equitable and proper.

We think the rule administered by the Court was too rigid, and that the time should have been enlarged, so as to have enabled counsel to have procured the answers of Dawson.

## JUDGMENT.

Whereupon, it is considered and adjudged by the Court, that the judgment of the Court below be reversed, upon the ground that the Court erred in dismissing the plaintiff's case.