JAMES C. MITCHELL, plaintiff in error, vs. JAMES L. GILLESPIE, defendant in error.

A recovery in an action of covenant for a breach of warranty of the soundness of a slave, may be pleaded in bar of a second action for a false warranty of soundness of the same slave, on the same sale.

Mitchell vs. Gillespie.

Case, from Franklin county. Decided by Judge HUTCH-INS, April Term, 1858.

For statement of this case, see opinion of the Court.

AKERMAN & COOPER, for plaintiff in error.

W. H. HULL ; and G. HILLYER, for defendant in error.

*By the Court*—McDONALD, J. delivering the opinion.

This case comes up from the Superior Court of the county of Franklin, on a demurrer to the defendant's plea. It appears, that on the fourteenth day of October, eighteen hundred and fifty-one, the defendant sold to the plaintiff three negroes, for which the plaintiff paid him twelve hundred dollars. The defendant executed to the plaintiff a bill of sale, under seal, for the negroes, and warranted them to be sound and well in body and mind.

One of the negroes having been unsound at the time of the sale and warranty, the plaintiff sued the defendant in an action of covenant, alleging, as a breach of the covenant, that the said negro was, at the time of said warranty, unsound in body, and wholly unfit for labor, or service, and became and was of no value or use whatever to the plaintiff; and that the defendant had wholly neglected and refused to make compensation to the plaintiff for the said injury. On the trial of that cause, at April Term, 1855, of Franklin Superior Court, the jury rendered a verdict in favor of the plaintiff, for the sum of four hundred and fifty dollars, on which judgment was entered up.

The plaintiff sued the defendant in a second action, returnable to the October Term, 1855, of the same Court, for a false warranty in the same sale of the negroes, but suing additionally for the recovery of the physician's bill, expenses of nursing, &c., of the negro when sick, as damages not

claimed in the former action. The defendant pleaded the former recovery in bar of this action. At October Term, 1857, the demurrer was argued, or as expressed in the record, the question was argued "whether the former recovery, pleaded in bar by the defendant, was conclusive against the plaintiff in this action." The Court decided that the former recovery was a bar, but desiring to hear further argument, an agreement was entered into by the counsel, and entered on the minutes, that a nonsuit should be awarded, with leave to the plaintiff to reinstate the case on the ground of error in the said decision, and that the motion be considered as made and stand for argument at the then next Term of the Court. At the succeeding Term of the Court, to-wit, at April Term, 1858, argument was heard by the Court, and the motion to reinstate was refused, and the case was ordered to be dismissed, on the ground that the second action was for the same breach of warranty for which the recovery had been had. To this decision the plaintiff's counsel excepted, on three several grounds, to-wit:

1st. That the Court erred in deciding that the second action was for the same breach of warranty as that on which the former judgment was founded.

2d. That the Court erred in sustaining the defendant's plea of former recovery in bar of the second action.

3d. That the Court erred in ordering the case to be dismissed.

The second suit was brought originally for the recovery of a sum of money which the plaintiff had to pay to William W. Mitchell, to whom he had resold one of the said negroes, with a warranty of soundness. At a subsequent Term of the Court, the declaration was amended, alleging fraud in the sale of the negro, by the false and fraudulent representations of the defendant to the plaintiff, of the soundness of the negro, when he knew that she was unsound. The plaintiff avers, in his said amended declaration, that "at the time of the purchase of the said slave from the defendant, and long

before, she was not sound, but was, and had been long unsound and seriously afflicted, &c., &c., and still is afflicted as aforesaid, and is of no value;" all which is and was, at and before the time aforesaid, well known as aforesaid to the defendant; by means of which afflictions, unsoundness and diseases of the said slave, she became and was, at the time aforesaid, sick, and has been and still is confined to her house and bed; and the plaintiff was and has been forced, and necessarily compelled to pay, lay out and expend divers large sums of money, to-wit, the sum first aforesaid in and about the nursing, feeding, clothing and taking care of said negro slave, and in physician's bills, in trying to have her cured of the diseases and sickness aforesaid, &c." Taking the record for our guide, the second suit is brought for the recovery of the value of the diseased slave, and for the expenses of nursing, feeding, clothing, and taking care of her, and for the physician's bill. The damage sustained by the plaintiff, on account of the diseased condition of the negro, at the time of the sale, was recovered in the former action, but there was no allegation of damage, in that case, resulting from the sickness of the negro, such as are set forth in the second action, and it is insisted that the plaintiff is not barred from the recovery of these damages in this action. There was no offer by the plaintiff to rescind the contract. Three negroes were sold together, for a gross sum, and embraced in the same written contract. The warranty extended alike to all of them. If the plaintiff wished to rescind the contract, as it was one and entire, he ought to have offered to return all the negroes, and demanded the return of the consideration money. He did not do it. He did not offer to return the diseased negro; upon which offer, however, he would not have been entitled to a rescission of the contract, for it could not have been rescinded in part, by one of the parties only. The first action, then, was for a breach of the warranty, claiming damages for the injury the plaintiff had sus-

tained by said breach. He recovered them. It is not necessary to go into the enquiry if he could have recovered more, if he had averred, that in consequence of the breach, he had been put to the expense of feeding, clothing and nursing the negro when she was sick, and of paying medical bills. It is sufficient to say that, in modern practice, whenever *such expenses* may be recovered in cases of a false warranty, they may be recovered equally and to the same extent on an express warranty without fraud. In both cases the vendor may rescind the contract by returning the property within a reasonable time after the purchase, and in each case, he may recover damages for the expenses named, and the evidence offered in proof of them must necessarily be the the same. The first action was brought on the express warranty, and the present action on a false warranty of the soundness of the same negroes on the identical sale. The warranty is the same, but the plaintiff seeks, in the latter action, to increase the damages by the averment of fraud in the warranty. The fact that there was fraud, if it were so, cannot add to the expense of feeding, clothing and nursing the sick negro, nor can it add to the amount of the physician's bill. These expenses the plaintiff might have recovered in the former action, if he could make proof to entitle him to them in this action, and he must not be allowed to sue on the same identical demand. If this were permitted, he might bring several distinct actions for each particular item in the sum of items which constitutes the aggregate damage for the breach of a single contract, viz; one suit for the loss of the service of the negro, one for her diminished value, another for nursing her, and so on. This must not be allowed.

It was said in argument, that this Court had decided in *Badgett vs. Broughton*, 1 *Kelly* 592, that the measure of damages in an action of covenant for a breach of warranty of the soundness of a slave, is the difference between the price paid, and the value of the slave in her unsound condition ; and that, therefore, the expenses sued for now could not have

Mitchell vs. Gillespie.

been recovered in the former action. That decision was made on the facts of that particular case. There was no claim of damage except for the loss of the slave, who had died.

The expenses of medical attendance, nursing, &c., were not sued for, and not asked on the trial, and this Court, in delivering its opinion, was particular to say, that if the jury had found a special verdict, setting forth the facts as stated in the record, " the measure of damages would have been, in judgment of the law, *at least* to the extent stated by the Court to the jury," which is that stated above. It was not decided that if sued for, other damages could not have been recovered. The contrary is implied.

It is unnecessary to decide, that in cases of false warranty, damages of some description may not be recovered, to which the plaintiff would not be entitled when the warranty was made in good faith, and without mixture of fraud. But we do hold, that where damages resulting from the breach of the warranty, are of a sort that may be recovered in either form of action, the recovery in one will bar the plaintiff's right to sue in a second action. The evidence of the damage in that respect, must necessarily be the same in both actions, and it is the plaintiff's own fault if he omitted averments in his declaration, which were necessary to admit proof of them. The defendant must not be harrassed with a multitude of suits growing out of the same cause of actions.

The order or judgment of the Court dismissing the action, was simply an act of supererogation. The cause was already out of Court by the judgment of nonsuit, and plaintiff's motion was to set aside the nonsuit, and reinstate the case.

Judgment affirmed.