Cox, Marshall & Company *et al.*, plaintiffs in error, *vs.* John R. Cook, sheriff, defendant in error.

Where a homestead in land is set apart, the applicant is entitled to the crops growing on the same. (R.)

Rule against sheriff. Homestead. Growing crops. Before Judge Cole. Houston Superior Court. December Term, 1871.

For the facts of this case, see the decission.

Duncan & Miller, for plaintiffs in error.

Warren & Grice, for defendant.

WARNER, Chief Justice.

This was a rule against the sheriff, calling upon him to show cause why he had not made the money on certain executions placed in his hands against the defendant. The sheriff showed cause, in writing, which was traversed by the plaintiffs, and the facts were agreed to be submitted to the presiding Judge without the intervention of a jury. The Judge, after hearing the case, discharged the rule against the sheriff, and the plaintiffs excepted. It appears from the return of the sheriff, that he could not find any property of the defendant's except that which had been set apart to him as a homestead, or the crops raised on said homestead. The sheriff had been directed to levy on certain cotton in the possession of defendant. It appears from the records of the Court of Ordinary which were offered in evidence, that the defendant had taken a homestead in certain described lands, and personal property, including the growing crop, and that the cotton on which he was directed to levy, and which was found in the defendant's possession, (to-wit,) from two to four bales was a part of the homestead, that is to say, in the words of the sheriff's return, was a part of the crop raised on the homestead. If it was a part of the crop raised on the homestead set apart to the defendant, then it was not subject, and the sheriff is not liable for failing to make a levy thereon. If the defendant in obtaining his homestead on the land went further and had the growing crop on the land set apart to him as personal property, that did not place him in any worse condition as to the crop on the land set apart as a homestead; he was entitled to the crop on the homestead set apart to him, whether he had claimed it as a homestead of personal property or not. The fact that he claimed the crop growing on the land as a homestead in personalty in his schedule, did not place him in any worse condition than if he had not claimed it as personalty, he was entitled to the crops raised on the land set apart as a homestead anyhow. In our judgment there was no error in the

judgment of the Court in discharging the rule against the sheriff, on the statement of facts contained in the record.

Let the judgment of the Court below be affirmed.