Clements *vs.* Lee & Fulton.

FRANCES CLEMENTS, plaintiff in error, *vs.* LEE & FULTON, defendants in error.

(MONTGOMERY, Judge, was providentially prevented from presiding in this case.)

1. A homestead laid off under the judgment of the Ordinary does no carry with it the crop then growing upon the land, to the exclusion of a lien granted by the husband on his then growing crop.
2. This Court will not reverse the judgment of the Judge of the Superior Court, refusing a new trial on a ground of error, which it does not affirmatively appear was, in fact, committed.
3. Grounds taken in the motion for a new trial will not be considered unless the facts stated therein are verified by the Court. (R.)

Homestead. Crops. Bill of exceptions. Practice in the Supreme Court. Before Judge CLARK. Webster Superior Court. September Term, 1872.

William N. Clements gave to Lee & Fulton, factors and commission merchants, liens on his growing crops for advances in provisions, made by them at different times, to enable him to carry on his planting operations for the year 1871. Before the maturity of these liens, Clements had a homestead set apart in the lands upon which said crops were growing, for the benefit of his family, consisting of a wife and four minor children. Upon the levy of the execution, based upon the foreclosure of said liens upon some of the produce made, during the year 1871, upon the lands set apart as a homestead, the same was claimed by Frances C. Clements, the wife of William N. Clements. Upon the issue thus formed, the Court charged the jury, " that the liens were good, valid and binding against the growing crops of Clements, the defendant in *fi. fa.*, and that they could not be defeated by a homestead, approved after said liens were made." To which charge the claimant excepted.

The jury found the property subject; whereupon, the defendant moved for a new trial, upon the ground of error in the aforesaid charge, and because " the Court erred in refusing to allow the claimant to show that the foreclosure in this case

was not made in the county of the residence of the defendant, William N. Clements, claimant, proposing to show that he, at the date of said foreclosure, resided in the county of Stewart, and not in the county of Webster, as stated in the plaintiff's affidavit, and that, therefore, the Court of Ordinary of Webster county had no jurisdiction to render a judgment in said cause, or even to qualify the plaintiff to the facts stated in the affidavit."

The grounds upon which the motion for the new trial was based were not verified by the Court.

The motion was overruled, and the claimant excepted.

T. H. PICKETT; HAWKINS & GUERRY, for plaintiff in error.

F. M. HARPER, represented by CLARK & GOSS, for defendant.

McCAY, Judge.

1. Ordinarily, the sale of land carries with it the crop then growing on it; but the laying aside of a homestead is not exactly a sale. It is an appropriation of the land for the benefit of the family, to the exclusion of the debts of the head. Our Act on the subject is very meagre, and does not go into details, and, in the administration of the law, it becomes absolutely necessary to resort to analogy and to the reason and spirit of the Homestead Act, to settle unexpected complications.

The Constitution, as well as the Act of 1868, provide for a homestead of the value of $2,000 00 in specie. Obviously, this is intended of the land itself. The object is to secure a home for the wife and children, and if the value of the crop then on the land is to be considered part of the $2,000 00, the homestead, in many cases, would be in personal property, and not in land. A good crop of cotton is generally worth, per acre, as much as the land on which it stands. As we do not think the crop, growing, is to be counted in estimating the value of the homestead, we do not think it ought to go for

Clements *vs.* Lee & Fulton.

nothing, and, as the fairest solution of the difficulty, we think its value at the time remains subject to debts and liens of the husband, already created. Here, the whole of the husband's growing crop was under a lien. We think the crop, as it stood, covered as it was by the lien, was subject to the lien, and if the family take the crop as they find it, and mingle the then growing crop with their own subsequent work, they ought to recognize the lien as it exists at the date of the homestead, at least, to the value of the crop at the time.

2. We think, therefore, there is no error in this verdict, since it only sets up such part of the lien as existed at the date of the order setting aside the homestead. On the other point we do not decide, though we do not doubt but that a claimant may show that the Court issuing the *fi. fa.* had no jurisdiction of it. The difficulty here is, that neither the bill of exceptions nor the motion for new trial shows affirmatively that the Judge did in fact refuse to permit proof of want of jurisdiction to be made.

3. True, it is made one of the grounds of the motion for new trial that the Judge did so refuse, but the Judge refuses to make the rule absolute in general terms, and there is nothing in the rule *nisi* to show that the facts of such ruling exists. Parties moving new trials should be careful to see to it that they get the certificate of the Judge, either in the motion itself or in the bill of exceptions, that the facts stated are true. This bill of exceptions simply says that the Judge overruled the motion, and assigns error on his judgment in that alone. Perhaps he did this because the ground was not true.

Judgment affirmed.