## HIGHTOWER *et al. vs.* CRAVENS *et al.*

1. A plea of former recovery in this case was properly sustained by the court below. Every fact relied upon in the present case was well known to the complainants when the former suit was instituted, and might and could have been pleaded and insisted on in that suit.

2. The decree allowing a redemption of the land upon payment of the purchase money, was authorized by the prayer to that effect in defendant's answer, which, in that respect, was properly treated as a cross-bill.

(*a.*) Although the purchase money notes had been transferred, the defendant in the bill appears to have been bound as indorser of them, and his answer stated that the person holding them was willing to become a party, and gave the complainants such information as would have enabled them to bring in the holder of the notes and protect themselves in respect to him.

(*b.*) Moreover, the exception to the decree is general, and does not set up a specific objection to that portion of it which required the money to be paid to defendant.

April 17, 1883

*Res adjudicata.* Decrees. Vendor and Purchaser. Former recovery. Before Judge FAIN. Catoosa Superior Court. August Term, 1882.

Oppar L. Allen and Lula J. Hightower (minor children of Mrs. Martha J. Allen, deceased) filed their bill, by next friend, against B. W. Allen and J. R. Cravens, alleging, in brief, as follows: On October 20th, 1877, their mother made a trust deed conveying to defendant, Allen, in trust for them, certain land in Catoosa county. The deed contained the following power of sale:

"And I, the said Martha J. Allen, hereby clothe the said B. W. Allen, trustee as aforesaid, with full power to sell without any order, direction, control or supervision of any court, such portions of the property hereby conveyed as he may deem to the interest of the beneficiaries herein named, and to reinvest the proceeds of such sales in such property as he may deem advisable. Said proceeds of sales and said reinvestments to be held by him, said B. W. Allen, to and for the uses hereinbefore mentioned."

This land was worth some three thousand dollars. Cra-

v 70-31

vens, with full knowledge of the trust, entered into a contract with Allen, the trustee, which was a species of sale and reinvestment by the latter. By this contract Allen bought from Cravens certain other land at the price of six thousand dollars, and in part payment therefor, as trustee, conveyed the trust property to Cravens, estimating it at twenty-seven hundred and fifty dollars. Allen took a bond for titles for the land purchased by him as trustee for complainants, but gave his individual notes for the unpaid portion of the purchase money. Complainants claim that they are entitled to a deed from Cravens for so much of the land as was paid for with their trust property, untrammelled by the trade between Allen in his individual capacity and Cravens, as to the remainder of the purchase. The purchase money notes of Allen being unpaid, Cravens has brought ejectment for the land against complainants or their tenants. The bill waives discovery and prays that the ejectment suit be enjoined; that Cravens be decreed to make to them a deed for so much of the land as was paid for with their trust property, leaving him and Allen to settle between themselves as to the remainder; for subpœna and general relief.

Cravens pleaded former recovery, and also answered the bill. The record of the case pleaded in bar showed that the same complainants had filed a former bill against Cravens and one Fuqua. In it they alleged substantially the same facts set out above, and also that their trust property was worth about three thousand dollars, while that purchased of Cravens by Allen was not worth any more, if as much; that the gross disproportion in prices set upon the property in the trade was itself an evidence of fraud, and there was also positive fraud; that the contract was void, being a private barter of the trust property and an effort to create a lien on the trust estate, which was not permitted by the deed and was contrary to law; that Allen was insolvent, and the place purchased by him would not bring enough to pay Cravens the balance of his purchase

money; that Cravens had made some kind of trade with one Fuqua for the purpose of selling to the latter the trust property acquired from Allen, all parties having notice of the trust. The prayer was that the sale by Allen, trustee, to Cravens be set aside, and the deed made in pursuance thereof be cancelled as a cloud on the title; that, if this could not be done, Cravens should be held liable for the value of the trust property; that the trust funds should be followed into the hands of Fuqua, and a lien be declared on the land sold by Cravens to Allen and on the indebtedness of Fuqua; that, Fuqua and Cravens should not dispose of the land or purchase money notes or make further payments between themselves; and for subpœna and general relief. The only part of Cravens' answer to this bill which is material here is, that he stated therein that five of Allen's purchase money notes had been negotiated, before the filing of the bill, to a purchaser for value and without notice, who owned them at the date of the answer.

On the trial of that case, the jury found the following verdict: "We, the jury, find for the defendant;" and a decree for costs was entered against the plaintiffs. Such was the suit pleaded in bar of the present case.

The answer of Cravens to the present bill alleged that the purchase money notes of Allen were still due and unpaid, and that the party holding them was willing to come in as a party to this bill and have his rights adjudicated. Defendant prayed a decree requiring complainants to pay the balance of the purchase money within a reasonable time, or, in default thereof " that all the right, title or interest they may have in the said land purchased from respondent, as set out in complainant's bill, either in law or equity, be forever barred and foreclosed."

By agreement, the case was submitted to the chancellor without a jury. He decreed that the former suit was a bar to the present bill, and that defendant, Cravens, should recover of complainants and their tenants the land for which ejectment had been brought, unless complainants

should pay to him the balance of the purchase money within a specified time; in which event, Cravens should make titles to them. Complainants excepted, and make two questions:

(1.) Was the former a bar to the present suit?

(2.) Was the latter portion of the decree correct?

J. H. ANDERSON; E. D. GRAHAM; McCUTCHEN & SHUMATE, for plaintiffs in error, cited Freeman on Judgments, §252, 253; Herman on Estoppel, §§75, 80–9; 6 *Ga.*, 495, 589; 7 *Id.*, 434, 437; 19 *Id.*, 413; 56 *Id.*, 520, 649; 2 Kelly, 413; 65 *Ga.*, 638; 61 *Id.*, 662; 48 *Id.*, 554; 51 *Id.*, 180; 46 *Id.*, 282; 53 *Id.*, 257; 54 *Id.*, 212, 690; 60 *Id.*, 29; 10 *Id.*, 429; 2 *Kelly*, 383; Code, §§2329, 2337; Story's Eq. Jur., 1257; Perry on Trusts, 467.

R. J. McCAMY, for defendants, cited 5 Wallace, 566; 4 Otto, 351, 364–6; 1 *Kelly*, 136; 2 *Id.*, 325, 275; Code, §3577 and citations; 65 *Ga.*, 283; 55 *Id.*, 228; 63 *Id.*, 537; 40 *Id.*, 493, 67; 34 *Id.*, 47, 499; 62 *Id.*, 598; 63 *Id.*, 224; 66 *Id.*, 545; 43 *Id.*, 564; 4 *Id.*, 569; 45 *Id.*, 100; 43 *Id.*, 564; 66 *Id.*, 545; Freeman on Judgments, §159; Bigelow on Estoppels, 154, note 1; 2 Bos. & P., 71; Herman on Estoppel, §§77, 81, 84, 90; 2 *Ga.*, 383.

HALL, Justice.

1. The plea of former recovery, set up in this case, was properly sustained by the court below. Every fact relied upon in the present case was well known to the complainants when the former suit was instituted, and might and could have been pleaded and insisted upon in that suit. In *Smith vs. Hornsby*, decided at this term of the court, all the questions made in this case were fully considered, and the authorities bearing upon them carefully collated and examined. There as here, the facts were known, and we held that, if relied upon for one purpose, though mispleaded or not set up at all, and the party failed to make

a proper legal use of them, he was nevertheless bound by the decree rendered in the former case.

2. The decree rendered in this case, allowing the defendants to redeem the land, upon payment of the purchase money, was authorized by the prayer to that effect found in defendant's answer, which in that respect was doubtless treated by the chancellor as a cross-bill, and we think properly so. It is true that the notes for the purchase money had been transferred to and were then held by another person, who was no party to the suit, though the answer distinctly states that he was willing to become a party, and the decree directs the payment to be made to the defendant who, it appears, was bound as indorser of the notes. If it was the purpose of the complainants to become the owners of this land, and they were ready and willing to comply with the terms of the purchase, they could easily have protected themselves by making the holder of the same a party to the suit. Though apprised in ample time, of his interest in the matter, they neither sought to make him a party nor do they appear at or before the hearing to have taken steps for their protection in this respect, nor did they then make and insist upon any objection to this feature and purpose of the answer. Even now, their bill of exceptions sets up no specific objection to this portion of the decree. The exception to the decree is general and goes to its entirety. If they have suffered by its terms, their loss is attributable to their own neglect, and they must abide the consequences. It is quite apparent that, if a wish had been intimated, upon their part, that they should pay to the holder of the notes, it would have met the concurrence of the defendant, whose answer placed them in possession of all needed information as to the holder of the notes, and also informed them of his willingness to become a party, if they chose to make him one. It was not in the power of the defendant to do this, but so far as concerns the complainants, there was no obstacle, legal or otherwise, to their doing so.

Judgment affirmed.