## McWilliams vs. Walthall et al., executors.

The judgment rendered when this case was formerly here (65 Ga., 109) effectually disposes of the present bill of exceptions. The record in that case covered the question now urged; and if it was not then presented and insisted on, the failure of the party to do so is attributable solely to his own neglect, it not appearing that he was prevented from doing so by fraud, accident or mistake, or by the act of his adversary.

April 20, 1886.

*Res Adjudicata.* Judgments. Before Judge HARRIS. Coweta Superior Court. September Term, 1885.

J. H. Walthall brought suit to the September term, 1866, of Coweta superior court, against A. J. McWilliams, on a promissory note for $2,500. The defendant pleaded the general issue; that the plaintiff agreed to receive payment in Confederate money, but when tendered, he refused to accept it; and that the defendant had lost largely by the results of the war. The jury found for the plaintiff " the return of the land," and a judgment was entered thereon. The case was taken to the Supreme Court by writ of error, and the judgment of the court below was affirmed by a dismissal of the case (41 Ga., 422). A writ of possession issued and was executed. The defendant entered into a written agreement with the plaintiff to attorn to him.

The defendant then moved to set aside the judgment, on the grounds that the verdict was void for uncertainty; that the judgment was not entered up at the term when the verdict was rendered; that it did not follow the ver-

*See 1 Am. R., 377.

dict; and that the verdict did not decide the issue made by the pleadings.

Subsequently McWilliams filed a bill in aid of his motion. He alleged that the sheriff had notice of an intention to resist the writ of possession by affidavit of illegality; that time was asked to prepare such affidavit, but it was refused, and that complainant was compelled to sign the lease contract in order to prevent being turned out with his family at once. It was alleged also that Walthall would dispossess the complainant under the lease unless enjoined; and it was prayed that he be so enjoined, and that the lease be cancelled and the judgment set aside.

J. H. Walthall died, and Leonard H. Walthall *et al.* became executors. They answered, denying any duress in regard to the making of the lease, and alleging that on the trial of the common law case, an amendment to the declaration was filed, or agreed to be considered filed, praying a return of the land; and that the case was tried and evidence submitted, without objection, for equitable relief under the relief act of 1868.

On the trial, the jury found for the defendants the possession of the land and $1,000 rents. This case was carried by writ of error to the Supreme Court, and the judgment was affirmed (65 *Ga.*, 109).

McWilliams then brought the present action of ejectment against Walthall *et al.*, executors, who pleaded the former recovery. On the trial, they offered in evidence the records of the original action on the note and of the equity cause. The plaintiff objected to them, on the ground that the verdict and judgment in each case was void, and because the legal issues were not the same as in this action.

The jury found for the defendants. The plaintiff moved for a new trial, which was refused, and he excepted.


ROBT. S. BURCH; GEO. A. CARTER; R. W. FREEMAN, for plaintiff in error.

J. B. S. Davis; Bigby & Dorsey, for defendants.

Hall, Justice.

The judgment rendered, when this case was formerly here (*sub nomine, Mc Williams vs. Walthall et al.*, 65 *Ga.*, 109) effectually disposes of the present bill of exceptions. The record in that case covered the question now argued, and if it was not then presented and insisted on, the failure of the party to urge it then is attributable solely to his own neglect, for it certainly does not appear that he was prevented from doing so by fraud, accident or mistake, or by the act of his adversary. *Woodward vs. Dromgoole*, 71 *Ga.*, 523 ; *Smith vs. Phinizy, Ib.*, 641. Not only the facts which were formerly pleaded, but those which were then known and such as might, with proper diligence, have been known, are included, with all the questions growing out of them, in the judgment then rendered. The matter is, therefore, *res adjudicata*, and we have neither the power nor disposition to interfere with or set aside what was thus adjudicated. *Hightower vs. Cravens et al.*, 70 *Ga.*, 475 ; *Smith vs. Hornsby et al., Id.*, 553 ; *Watkins vs. Lawton et al.*, 69 *Id.*, 671 ; *Brown vs. Boynton, Ib.*, 754. These and many other cases which might be referred to, besides the long list cited by them, are conclusive of the point sought to be raised for our consideration. This case has certainly had its day in court, and it is time this controversy should end.

Judgment affirmed.