SLOAN *v.* PRICE.

That a question could have been litigated in a former controversy between the same parties is enough to settle it by the judgment rendered in that case as to all the property involved in that litigation; but to settle the question as to other property, it must appear that it was actually litigated, not only that it might have been. Thus, a waiver of exemption applicable to cotton as well as other personalty, may be urged to condemn the cotton after the other property has been adjudicated exempt, although the waiver might have been but was not urged to subject the other property.

SIMMONS, J., not presiding, because of sickness.

January 8, 1890.

*Res adjudicata.* Judgments. Estoppel. Waiver. Exemptions. Before Judge MILNER. Bartow superior court. January adjourned term, 1889.

Reported in the decision.

A. W. FITE and A. S. JOHNSON, for plaintiff in error. J. M. NEEL, *contra.*

BLECKLEY, Chief Justice.

The judgment from which the execution issued was rendered in April, 1885. A levy upon certain mules and a wagon was made on June the 3d thereafter. A claim to this property was interposed by Mrs. Sloan on

June 24th. The *fi. fa.* was amended, and the levy fell. It was, however, levied upon the same property on August 8th, 1885. The claim previously interposed seems to have been considered as applicable to the new levy, and a trial was had upon it in September, 1885, the result of which was a judgment by the justice of the peace that the property levied upon was not subject. That ended all controversy so far as the mules and wagon are concerned. In the November following, the same *fi. fa.* was levied upon 1,630 pounds of seed-cotton. Mrs. Sloan interposed a claim to that, which was tried by a jury, and the cotton was found subject. Thereupon she brought a writ of *certiorari*, complaining that the finding was contrary to law and evidence. Upon the hearing the court overruled the *certiorari*, and she excepted. Her claim rested upon proceedings before the ordinary had by her as the wife of Sloan, the defendant in *fi. fa.*, commenced whilst the first levy upon the mules and wagon was pending, and terminated by the approval of the ordinary on July 18th, 1885. The exemption embraced the mules and wagon as well as the cotton, the latter being claimed as exempt whilst it was a growing crop. No question arises in the present case as to whether it could be claimed as exempt at that stage, but it may be well enough to refer to three cases on the subject, which are all that have been decided up the present time so far as we are aware. These cases are, *Tift* v. *Newsom*, 44 *Ga.* 600; *Marshall* v. *Cook*, 46 *Ga.* 301; *Clements* v. *Lee*, 47 *Ga.* 625   It is yet an open question whether a growing crop can be set aside as personalty, upon a claim by a debtor or his wife, as exempt property. Upon the trial of the second claim case, to wit, that involving the cotton, Mrs. Sloan introduced her exemption papers and proved that she had introduced them upon the trial of the former claim, that which involved the mules and wagon. Price, the plain-

tiff in *fi. fa.*, replied to them by introducing the note
dated June 2d, 1884, on which the judgment was founded,
which note contained a waiver in the following
terms : "And each of us, whether maker or endorser,
hereby severally waives and renounces, for himself
and family, any and all homestead or exemption rights
he may have under and by virtue of the constitution or
laws of the State of Georgia, or the United States, as
against this note or any renewal thereof." It further
appeared that this note was not put in evidence on the
trial of the former claim, and that its introduction upon
the latter trial made the only difference there was in the
evidence on the two trials. The claimant contends that
as this note might have been introduced on the first
trial, and was not, the judgment finding the mules and
wagons exempt is conclusive not only that they are
not subject to the *fi. fa.*, but that the cotton is not sub-
ject. This position, it is said, is supported by the case
of *Johnson* v. *Lovelace*, 61 *Ga.* 62 ; but that case, properly
understood, is no authority for the position. It holds
that "if the record shows that the same matters might
have been litigated in the former action, then the fact
that they were actually decided in that former action
may be proved by extrinsic evidence." Here the waiv-
er of the exemption might have been litigated in the
former claim, and if it had been, the judgment would have
been conclusive upon that question on the trial of the
latter claim; but the evidence shows that the question
was not litigated in the trial of the first claim. There-
fore it remained open and at large. Freeman on Judg-
ments, §253 ; Cromwell *v.* County of Sac, 94 U. S. 351 ;
Davis *v.* Brown, *Id.* 423 ; Russell *v.* Place, *Id.* 606 ;
Howlett *v.* Tarte, 10 C. B. (N. S.) 813 ; Notes to Crom-
well *v.* County of Sac, 16 Am. Law Register (N. S.),
730. "One who brings an action upon one demand, or
several connected demands, and attempts to support his

whole case, will assuredly be barred by the judgment from suing again from the *same* demand or any one or all of the connected demands ; and he will find no escape from the estoppel by offering to show that he might have introduced other evidence now available which would have produced a different result. But the evidence not used in the first action may be used in another suit upon a different demand, though that demand be of the same nature and grow out of the same transaction as the one first sued upon." Bigelow on Estoppel, 130–1.

There was no error in overruling the *certiorari.*

*Judgment affirmed.*