GUNN *v.* JAMES *et al.*

SIMMONS, C. J. 1. In this State, where the law makes it the duty of the administrator to administer realty as well as personalty,. a suit brought by him concerning the realty of the estate of his intestate and a judgment thereon bind the heirs as well as the administrator. *Hardaway* v. *Drummond*, 27 *Ga.* 221 ; 1 Freeman, Judg. (4th ed.) § 103 *a.*

2. Where a demurrer to a petition contained several grounds, some going to the merits and some special, and the court sustained "the demurrer" and dismissed the petition, there is no presumption that the ruling was based upon the special grounds of the demurrer rather than the general, but the judgment will be treated as sustaining the entire demurrer upon all of its grounds. Merrill *v.* Board of Com'rs, 7 Kans. App. 717, 52 Pac. 109, and cit.

3. Where an equitable petition was filed, praying for an injunction and the appointment of a receiver, and at the trial term a general demurrer was sustained and the petition dismissed, and thereafter the plaintiff filed another equitable petition, setting up the same cause of action but elaborating the details, and praying, besides the relief sought in the first, other and additional relief, a plea of res judicata, filed in bar of the second petition, should have been sustained. Civil Code, § 3742 ; *Smith* v. *Hornsby*, 70 *Ga.* 552 ; *Greene* v. *Railway Co.*, 112 *Ga.* 859. See also *Conwell* v. *Neal*, 118 *Ga.* 624.

4. While a judge has a discretion in disposing of an application for a second interlocutory injunction upon proper showing made, yet where the record discloses that the first proceeding resulted, not in the granting or refusing of such injunction, but in the dismissal of the petition upon general demurrer, this rule as to his discretion does not apply.

*Judgment reversed.    All the Justices concur.*

Argued May 18, — Decided July 12, 1904.

Injunction.    Before Judge Felton.    Bibb superior court. September 24, 1903.

*Hall & Wimberly,* for plaintiff error.    *Ross & Grace,* contra.