### MOOR v. FARLINGER.

LUMPKIN, J.    A petition was filed in the superior court, which alleged: that on a date named the plaintiff had made a deed to the defendants "as trustees to sell all that tract or parcel of land [describing it]; that said parcel or tract of land was deeded to said trustees for school and church purposes [a copy of the deed being attached]. Petitioner shows that the purposes for which said deed was made have failed and that said property has been abandoned for more than two years. Petitioner asks that said deed be annulled and the title to said property be restored to him, according to the law governing such trustees," and that process issue. A copy of the deed was attached to the petition. It was a quitclaim deed from the petitioner to the defendants, "trustees," for the recited consideration of $100. It set out no trust, and there was nothing to indicate the existence of a trust, except the addition of the word "trustees" after the names of the grantees. A demurrer was filed to this petition, on the ground that it failed to state a cause of action, and because it affirmatively appeared from the petition that the plaintiff had no sort of interest in the property described and was not entitled to a right of action for the recovery thereof. The demurrer was sustained and the case dismissed. Later the plaintiff filed another petition, alleging, in detail, that the deed had been executed for the purpose of having the property controlled by the grantees and used for school and church purposes, and it was understood that they were to have no beneficial interest as individuals, but should hold the property in trust as long as it could be used for the purposes mentioned, and the deed was executed to put an estate in them for that length of time and no longer; that there was no consideration paid; that the property was used for the purposes stated for a time, but had been abandoned and ceased to be so used, and a resulting trust to the petitioner had arisen; that the grantees in the deed had abandoned and sold the property, and one of them had the proceeds in his hands, which he refused to pay to the plaintiff on demand, and plaintiff was informed that the others made no claim upon it. He alone was sued. The defendant pleaded that the subject-matter of the suit was res adjudicata. The case was submitted to the presiding judge without a jury, and he sustained the plea. *Held*, that this was not error. Civil Code, §§ 4335, 5943, 5820, 4336, 4338; 24 Am. & Eng. Enc. Law, 733, 778, 708; *Fain v. Hughes*, 108 *Ga.* 537 (33 S. E. 1012); *Greene v. Central of Georgia R. Co.*, 112 *Ga.* 859 (38 S. E. 360); *Smith v. Smith*, 125 *Ga.* 83 (54 S. E. 73); *Gunn v. James*, 120 *Ga.* 482 (48 S. E. 148); *Dodson v. Southern Ry. Co.*, 137 *Ga.* 583 (73 S. E. 834).

'(a) The ruling in *Steed v. Savage*, 115 *Ga.* 97, does not conflict with that here made. There a petition was filed in the nature of a bill of interpleader. It was held, that, in the absence of allegations essential to such petition, it would be dismissed on general demurrer. It was said that this would not conclude the parties thereto on any matter except that the petition did not authorize the equitable relief prayed for, although there were some allegations which might have been appropriate to a suit to recover the property.

*Judgment affirmed. All the Justices concur.*
JULY 10, 1912.

Complaint. Before Judge Pendleton. Fulton superior court. March 27, 1911.

*Bell & Ellis,* for plaintiff.

*John L. Hopkins & Sons,* for defendant.