### 4241. GLAUSIER, WATSON & CO. v. WHALEY et al.

The subject-matter of the cause of action upon which this suit was brought in the city court was involved in and concluded by the judgment rendered in the suit previously brought in the superior court.
            DECIDED AUGUST 6, 1912.

Complaint; from city court of Thomasville—Judge W. H. Hammond. March 21, 1912.

*J. H. Merrill, R. J. Bacon*, for plaintiffs.
*Snodgrass & MacIntyre*, for defendants.

POTTLE, J. Suit was brought against Whaley and Myrick as

surviving partners of a partnership known as the Boston Naval Stores Company, alleged to have been composed of Whaley, Myrick, and Malette, the last of whom was not in life at the time the suit was brought, and his legal representatives were made parties to the action. The petition alleged that the defendants were indebted to the plaintiffs upon a check which had been executed by the Boston Naval Stores Company and delivered to the plaintiffs upon a valuable consideration. The defendants pleaded that in a former suit in the superior court between the same parties and involving the same subject-matter, a judgment had been rendered in favor of the plaintiffs, and that this judgment was a full and final adjudication of the claim and cause of action now sued on. The suit referred to as having been brought in the superior court was in behalf of these plaintiffs and against the Boston Naval Stores Company and L. F. Driver. The petition alleged, that the plaintiffs had sold to the Boston Naval Stores Company a turpentine plantation for the sum of $17,000, and that $100 of the purchase-price had been paid in cash, and that a "check for one hundred ($100) dollars was given as a part payment then and there on said business, which was signed by Boston Naval Stores Company, per E. R. Whaley, was accepted as one hundred ($100) dollars cash, and was received in part payment." It is further alleged, that the Boston Naval Stores Company operated the business for five days, shipped the products in the name of the company, and never paid the remainder of the purchase-price, to wit, $16,900; that it refused to pay the check, and that the check came back with "payment stopped" written thereon, this being the reason for non-payment; that the said company abandoned said business and said assets, broke said contract of sale, and left the assets in a demoralized condition as to value, in that they were not worth more than $11,000. The petition further alleged, that L. F. Driver was not a partner in the Naval Stores Company at the time of the bringing of the suit, but was to have an interest in the firm, in consideration of his services in looking up the location; that he had his name placed in the contract of sale to protect him, and that the contract was closed and the sale made with the Boston Naval Stores Company and Driver. The petition alleged that the plaintiffs were entitled to recover the sum of $6,000 for breach of contract, by reason of the acts of the Boston Naval Stores Company

and the members composing that firm and L. F. Driver. It was further alleged that the name of L. F. Driver in the contract was a mistake of the scrivener and a mutual mistake of the parties, the intent being that the contract should be with the Boston Naval Stores Company alone. The petition prayed for reformation of the contract. By an amendment to the petition the plaintiffs alleged that Driver was a party to the case, and that defendants contend now in open court that he was a party to the contract of sale and is equally bound with the Boston Naval Stores Company, and ask for a nonsuit on that ground; that the contract shows that Driver is so bound, and plaintiffs show that under the evidence adduced on the trial he is bound, and this amendment is offered that the petition may correspond with the proof and show liability on the part of Driver. The plaintiffs prayed for a judgment against Driver and the Boston Naval Stores Company. The suit resulted in a judgment in favor of the plaintiffs for $1,250 against the Boston Naval Stores Company, H. M. Myrick, E. R. Whaley, and L. F. Driver, the amount of which was subsequently paid by the defendants. At the conclusion of this evidence the trial judge rendered judgment against the plaintiffs and in favor of the defendants, and to this judgment exception has been duly taken by the plaintiffs.

If the former suit brought in the superior court involved the $100 now being sued for, and if, under a proper construction of the petition in that case, a recovery was or might have been had in favor of the plaintiffs for the $100 being sued for, the judgment in the superior court is conclusive and operates as a bar to any further suit on the check. The suit was against the Boston Naval Stores Company and L. F. Driver. The check was given by the Boston Naval Stores Company alone, but by the amendment in the suit for breach of contract it was alleged that Driver was a party to the contract of sale and "equally bound with the Boston Naval Stores Company." If this was true, Driver was liable to that company for his pro rata of $100. The check was received as cash, and is therefore to be treated for all purpose as so much cash paid. While paid by the Naval Stores Company alone, it was paid for the benefit of that company and Driver. This being so, the cash payment of $100 either was or could have been taken account of in the verdict in that suit. It can not be ascertained with

certainty whether the verdict of $1,250 included the $100 which had been paid on the purchase-price, but it probably did, because the plaintiffs prayed to recover the full difference between the agreed price and the market value, making no deduction for the $100. Taking the allegations and the prayer all together, it was the evident purpose of the parties in the first suit to fix their liability on account of the alleged breach of the contract of sale, and the plaintiffs were manifestly seeking to recover a verdict which should represent the full measure of the defendants' liability by reason of the breach. This was the difference between the agreed price and the market value, and the presumption is that the jury made due allowance for the $100 which had been paid. But whether they did or not, under the pleadings and the evidence they might have done so. This being so, the verdict and judgment in the first suit fixed the measure of the plaintiffs' right of recovery, and they were not entitled to recover upon the check.

*Judgment affirmed. Russell, J., absent because of illness.*