PERRIN *v.* RICHARDSON.

LUMPKIN, J.   1. A contract of lease was entered into, covering a large tract of land, and including a stipulation that the lessee should have an option to buy "200 acres on the upper end of the above lands." The lessee elected to exercise the option, tendered the purchase-money, and demanded a deed to 200 acres of the land according to a survey which he had made, cutting off a certain portion of the general tract (alleging that the lessor would not join in the survey after notice to do so). The tender was refused, and he instituted suit for specific performance. The petition was dismissed on general demurrer, and this judgment was affirmed on the ground that the writing was too indefinite, in describing the land, to form the basis of a suit for specific performance. *Rich-*

ardson v. Perrin, 133 Ga. 721 (66 S. E. 899). A second equitable peti-
tion was then filed, alleging, that prior to the execution of the lease
contract the boundaries of the land covered by the option were agreed
upon except that the exact location of one line, described as running
from a certain place and intersecting another line so as to cut off 200
acres, could only be ascertained by a survey; that the contract was
written by a bookkeeper, and by accident and mistake the 200 acres of
land was not sufficiently described; that the option to buy was an in-
tegral part of the contract for which a consideration was given; and that
the insufficiency of description resulted from a mutual mistake of law.
It was sought to have the contract reformed so as to accord with the
intention of the parties. It was held that this petition was not subject
to the demurrers urged against it. Richardson v. Perrin, 137 Ga. 432
(73 S. E. 649). There was no allegation, that the plaintiff did not
know all the facts when the former action was commenced, or why he
could not then have set them up. A plea of res adjudicata was filed.
Held, that it was error for the court, to whom the issue raised by the
plea was submitted without a jury, to "overrule" the plea. Hightower
v. Cravens, 70 Ga. 475; Smith v. Hornsby, 70 Ga. 552; Sloan v. Price,
84 Ga. 171 (10 S. E. 601, 20 Am. St. R. 354); Gunn v. James, 120 Ga.
482 (48 S. E. 148); Shaw v. Fender, 138 Ga. 48' (2), 52 (74 S. E. 792);
Moor v. Farlinger, 138 Ga. 359 (75 S. E. 423), and cases cited; Civil
Code (1910), §§ 4335, 4336.

2. The court having erred in overruling the plea of former recovery, it is
unnecessary to consider the questions raised in regard to rulings in the
further progress of the case.

Judgment reversed. All the Justices concur.
SEPTEMBER 18, 1914.

Equitable petition. Before Judge Meadow. Elbert superior
court. March 6, 1913.

Sam L. Olive, for plaintiff in error. George C. Grogan, contra.