## 19059. LOVETT *v.* BARWICK.

DECIDED FEBRUARY 21, 1929.

*E. W. Jordan,* for plaintiff in error.

*J. C. Newsome, M. C. Barwick,* contra.

BELL, J. There were two successive suits in the court below between Barwick as the plaintiff and Lovett as the defendant, and it is the second of these cases which is now under review. The verdict was for the plaintiff, and the defendant complains of the refusal of his motion for a new trial.

All the transactions between the parties antedated both suits, and the main question for decision under the present writ of error being whether the defendant was concluded by the verdict and judgment in the prior action, the facts of that case will be stated first: Barwick shipped to the order of Lovett a carload of lumber at the

price of $350.35. He afterwards brought suit for the purchase-money, less an alleged payment of $120.93, which was credited. To that action the defendant pleaded: (1) payment, in that at the time of the shipment the plaintiff drew a draft upon him for the agreed price, which draft he paid; (2) failure of consideration to the extent of $229.42, resulting from inferior grade and shortage in quantity; (3) mistake in paying the $120.93, alleged to be the true value of the lumber, the defendant at that time "overlooking the fact that he had already paid the sum of $350.35." The answer further alleged that the defendant had thus paid the plaintiff the latter amount over and above the true value of the lumber, and prayed that he have judgment against the plaintiff therefor.

The plaintiff sought to show that by a later agreement the $350.35 was to be withdrawn as a payment for this car and applied as a credit upon three other cars of lumber which he had sold and delivered to the defendant. But after the introduction of evidence, from which it appeared without dispute that the draft had been drawn and paid as alleged in the defendant's answer, the court ruled that for this reason the plaintiff was not entitled to recover, and directed a general verdict in favor of the defendant. There was no verdict or judgment on the plea of recoupment based upon the alleged failure of consideration and the payment by mistake of the $120.93, and it appears that there was no adjudication as to these matters. See Civil Code (1910), § 4337; *Irvin* v. *Spratlin,* 127 *Ga.* 240 (55 S. E. 1037, 9 Ann. Cas. 341). There was no appeal from the verdict and judgment in the first case.

In the second suit, the one now under review, Barwick sued Lovett for the purchase-price of the three other cars of lumber, amounting to $772.27, less a credit of $406.48 alleged to have been paid. To this action the defendant filed a plea of payment and accord and satisfaction, as follows: The defendant "has paid the plaintiff the full purchase-price for the three cars of lumber sued for in this case, and on the 13th day of September paid to the plaintiff the sum of $406.48, and agreed with the plaintiff that a payment that he had previously made upon another car of lumber sold to the defendant by the plaintiff on August 14, 1923, amounting to $350.35, should be credited on the purchase-price of the lumber sued for in this case, the actual payment made upon the date

above alleged and the transfer credited on the date above alleged amounting to $756.83, which said amount fully paid the plaintiff for said three cars of lumber. It was understood and agreed between the plaintiff and the defendant that inasmuch as the defendant had received from a purchaser from him a report that a car of lumber sold August 14, 1923, was off in grade and short in measurement, that the payment theretofore made for said car should be applied to the purchase-price of the three cars sued upon, and that the plaintiff and the defendant would settle for the car sold August 14, 1923, upon the basis of the return made by the purchaser, the Chickasaw Lumber Company. This defendant did turn over to the plaintiff's attorney, J. C. Newcome, the full proceeds from the said car of lumber sold to the Chickasaw Lumber Company, to wit, $120.93, on May 14, 1924, and purchased from the plaintiff August 14, 1923, in full, final, and complete settlement of all claims and demands of the plaintiff against the defendant for any lumber sold whatsoever." The items of $350.35 and $120.93 as mentioned in the above plea represented the same transactions which in like amounts were referred to in the first suit, and the difference between the invoice price as claimed by the plaintiff, $772.27, and that alleged by the defendant, $756.83, is accounted for by the fact that the defendant referred to the net amount of the invoices, which were made upon the basis of a two per cent. discount for cash, whereas, since the bill was not paid within the terms of the invoice, the plaintiff sued for the gross amount.

The plaintiff in the instant suit filed an amendment in which he pleaded estoppel and res adjudicata as against the defenses thus interposed, and upon the trial introduced the former proceedings in evidence. The defendant testified in support of allegations of his plea, after which the case was submitted to the jury, and, as above stated, resulted in a verdict for the plaintiff.

The defendant in his motion for a new trial complained of alleged errors in the charge of the court and of the refusal to admit certain documentary evidence not pertaining in any way to the adjudication in the former litigation.

In our opinion the verdict for the plaintiff was demanded by the law and the evidence, and, if this be true, any errors in the charge of the court or in the rejection of the evidence, as complained of in the motion for a new trial, were immaterial.

In the prior suit the defendant pleaded that the payment of the $350.35 was in full satisfaction of the purchase-money of the car of lumber, to recover for which that action was brought, and, in view of the adjudication which he then obtained upon that issue, he can not now claim that this sum was by agreement to be credited upon the price of the other three cars, which was sued for in the second action.

In the second case the defendant pleaded an agreement with the plaintiff to the effect that the $350.35 previously paid for the first car would be recalled from its application to that indebtedness and credited upon the purchase-price of the other three cars, and alleged that this sum, together with the $406.48 paid directly on the latter account, fully satisfied that claim. This constituted the plea of payment and embraced all that was alleged specifically in relation to the cause of action sued on. But since, if the payment for the first car was cancelled and the sum credited elsewhere, the result would be to leave the first car not paid for, the defendant attempted to account for the hiatus by alleging that it was further agreed that when he received returns for that car (which he had sold to a third person who had made a complaint concerning it), the plaintiff would accept such proceeds, regardless of amount, in final satisfaction of the balance due on that item. It was then averred that the defendant subsequently collected therefor the sum of $120.93, which he paid over to the plaintiff in full and complete settlement of all demands. The plea of payment thus related to the three cars, while the alleged accord and satisfaction was in reference to the first car, and appears to have been set up more for explanation than for defense. Since the former judgment adjudicated that the $350.35 went in payment for the first car, and, hence, could not have been credited upon the price of the other three cars as alleged in the plea, the claim of payment as to these cars was affirmatively disproved, and since the alleged accord and satisfaction was predicated solely upon the theory that the first car was not paid for, an hypothesis which was not sustainable in view of the prior adjudication, there was a failure to sustain this part of the plea also.

The averment that the first car was to be settled for on the basis of such returns as should be received from the defendant's purchaser having been laid expressly upon the proposition that the

question of payment for this car remained open, and the evidence having shown, on the contrary, an adjudication to the effect that this car had in fact been fully paid for, the alleged accord was stript of its subject-matter, in that as to that car there remained no indebtedness to compromise.

The entire plea having been constructed upon matter as to which the defendant was necessarily concluded, it could but fall with the unstable foundation upon which it rested. The defendant failed, as a matter of law, to establish either prong of the defense pleaded, and, hence, the case could not lawfully have terminated otherwise than by a verdict for the plaintiff.

The amount of principal which the plaintiff was entitled to recover was $772.27, the purchase-price of the three cars, less the payments of $406.48 and $120.93, both of which were or should have been credited only upon that indebtedness. The $350.35, having gone in payment for the first car, was irrelevant to the present issue. The verdict appears to have been arrived at in accordance with this statement.

The court did not err in refusing a new trial. Civil Code (1910), §§ 4335, 4336; *Acree* v. *Bandy,* 20 *Ga. App.* 133 (92 S. E. 765) ; *Hoffman* v. *Summerford,* 28 *Ga. App.* 247 (111 S. E. 68) ; *Farmer* v. *Baird,* 35 *Ga. App.* 208 (132 S. E. 260) ; *Glausier* v. *Whaley,* 11 *Ga. App.* 404 (75 S. E. 441) ; *Smith* v. *Cooper,* 161 *Ga.* 594, 604 (131 S. E. 478) ; *Perrin* v. *Richardson,* 142 *Ga.* 394 (83 S. E. 102) ; *Central Bank & Trust Corporation* v. *State,* 139 *Ga.* 54 (76 S. E. 587) ; *Bryan* v. *Jones,* 138 *Ga.* 719 (75 S. E. 1117) ; *Mitchell* v. *Gillespie,* 25 *Ga.* 346 ; *Desvergers* v. *Willis,* 58 *Ga.* 388.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*