18992.   HONOUR *et al. v.* SMITH.

STEPHENS, J.   1. Since the monetary damage resulting from fraud is not a matter for consideration as respects fraud as a ground for rescission of a contract, only the facts constituting fraud, and not data as to the monetary damage resulting therefrom, are essential in a plea alleging fraud as a ground for a rescission of a contract. In a suit by a seller of real estate against the purchasers, to recover the purchase-money contracted to be paid, a plea alleging a rescission of the contract, upon the ground of fraudulent representation by the seller to the purchasers, which induced the sale, is sufficiently specific as to the facts alleged as constituting the fraud relied on as a basis for a rescission, where it alleges that the plaintiff represented to the defendants "that the property was in good physical condition, tenantable, free from leaks, and occupied, that the income from said premises amounted to $125 per month, that the plumbing in the house was . . in good repair and the interior finish of the house, including the paper, was in good condition, as was the house generally, that the value of the property was . . $18,000."

2. Where a plea alleges the above acts as constituting fraud inducing the execution of the contract by the defendants, but alleges that only one of these representations, namely that the income from the property amounted to $125 a month, was known to them to be false, in that they knew the amount of income or rental received from the property and that this income was only $50 per month, it alleges only that the plaintiff's knowingly false representation as to the rental value of the prop-

erty constitutes the fraud. Where the plea alleges that the defendants were persuaded by the plaintiff to purchase the property under his representations, "expressly asking the defendants to rely upon said representations as to the income derived from the property," and that the defendants were three hundred miles from the property at the time these representations were made, it alleges in effect that the defendants, when they were induced by the plaintiff when three hundred miles away from the property to purchase it, by a representation made by the plaintiff that the rental value of the property was $125 per month, when in fact the rental value of the property was only $50 per month, were ignorant of the true rental value of the property.

3. The plea, therefore, alleges that the sale of the property to the defendants was induced by the fraud of the plaintiff, and further alleges that the defendants "promptly complained to the plaintiff" and offered to restore to the plaintiff the property purchased, by actually executing and tendering to the plaintiff a deed to the property. The plea properly construed shows that this was done after the defendants had discovered the fraud. It therefore sets up a rescission of the contract by the defendants upon the ground of fraud by the plaintiff, and is good as against general demurrer.

4. The plea wherein it is alleged that the defendants promptly complained to the plaintiff and offered to restore the property and sent the plaintiff a deed thereto, and that the plaintiff agreed to accept the deed and cancel the contract, but returned the deed, is subject to special demurrer upon the ground that it fails to show when the defendants complained to the plaintiff, or when they offered to restore the property and tendered to the plaintiff a deed to it.

5. Since the plea alleges that the actual value of the property was $7,000, it clearly does not allege a total failure of consideration; and since it does not allege facts or data showing to what extent, if any, the consideration partially failed, it is insufficient as a plea of partial failure of consideration.

6. The plea was not subject to the general demurrer, but, except as here indicated, was subject to the special demurrers.

7. Since the judgment of the trial court generally sustaining the demurrer to the plea must necessarily be construed as sustaining all the grounds of demurrer, including the general as well as the special grounds, and since the plea was good as against the general demurrer, and the judgment in so far as it sustained the general demurrer, was error, the court erred in sustaining all of the demurrer and in striking the plea. See *Gunn* v. *James*, 120 *Ga.* 482 (2) (48 S. E. 148); *Pennington* v. *Douglas &c. R. Co.*, 3 *Ga. App.* 665 (60 S. E. 485). While the record is silent as to whether an opportunity was given the defendants to amend the plea and thereby meet the objections urged in the special demurrer, yet, since the court sustained the general demurrer, and there was therefore no necessity for an amendment to the plea, meeting the objections urged by the special demurrer, it will be assumed that no opportunity to make such amendment was offered. The court erred in sustaining the demurrer to the plea without giving the defendants an opportunity to

amend the plea, and in thereafter rendering judgment for the plaintiff on the notes sued on.

Judgment reversed. Jenkins, P. J., and Bell, J., concur.
DECIDED MARCH 1, 1929.

Augustine Sams, C. Holland Feagin, for plaintiffs in error.
Jones, Jones & Johnston, Neufville & Neufville, contra.