22833. BLANKENSHIP *v.* JOHNSTON.

DECIDED JUNE 29, 1933.

*Carpenter & Ellis,* for plaintiff.

*Mark Bolding, D. K. Johnston,* for defendant.

GUERRY, J. Mrs. Blankenship brought an action against D. K. Johnston in the municipal court of Atlanta, alleging that he was indebted to her in a named amount, that, as attorney for her, he procured a judgment and fi. fa. in a trover action against House, principal, and Ash, security, on the trover bond; that Johnston paid the court costs and took possession of the trover fi. fa. and refuses to deliver it to petitioner, and refuses to account for any sum collected on said fi. fa. and refuses any one the right to enforce petitioner's claim based thereon; that he wilfully, fraudulently, negligently, and maliciously refused and continues to refuse to represent and perform the said services he was paid to perform, and prevents petitioner from proceeding herself with her claim; that "the reasonable value of the wrong done" is the amount sued for, which is the amount of the fi. fa.; that petitioner has tendered and continues to tender the amount claimed by Johnston as attorney's fees and court costs; that defendant not only failed to exercise proper care and diligence as an attorney in representing a client, but has prevented petitioner from taking any action; that the loss above set forth was caused by Johnston's negligence in failing to collect the money on said fi. fa. and by his prevention of the col-

lection thereof by petitioner; that she can not recover her fi. fa., by reason of his refusal to turn the same over to her. A demurrer to this petition was sustained and no exceptions were taken to the judgment sustaining the demurrer. Mrs. Blankenship thereafter filed an ordinary trover suit against Johnston for the recovery of the fi. fa. named and described in the former action; a plea of res judicata was filed, and a verdict was directed in favor thereof after the introduction of the pleadings in the former case. A motion for new trial was granted, and the grant of a new trial was affirmed on appeal to the appellate division of the municipal court. A certiorari to review that judgment was sustained by the superior courts, and exceptions were taken to the order sustaining the certiorari.

Is the petition in the first case between the same parties based on the same cause of action as the trover suit for recovery of the fi. fa.? In the first suit title to the fi. fa. is alleged to be in petitioner, and possession in defendant. It is further alleged that although petitioner has tendered to the defendant, Johnston, all attorney's fees due him and any costs paid, he fails and refuses to deliver the fi. fa. to petitioner, and that "the reasonable value of the wrong is the amount named on the face of the fi. fa. In an action of trover it is incumbent on the plaintiff to prove his title, the value of the property, its conversion by the defendant, and demand and refusal before suit. *Pryor* v. *Brady,* 115 *Ga.* 848 (42 S. E. 223); *Hudson* v. *Gunn,* 20 *Ga. App.* 95 (92 S. E. 546); *Dudley* v. *Isler,* 21 *Ga. App.* 615 (94 S. E. 827). An action in trover sounds in tort. The gist of the action is conversion, or the injury to the right of possession. *Roper Wholesale Grocery Co.* v. *Faver,* 8 *Ga. App.* 178 (68 S. E. 883). Ordinarily the issue is one of title. The right of possession wrongfully withheld may authorize a recovery in trover. *Summerford* v. *Kinard,* 8 *Ga. App.* 253 (68 S. E. 955). Measured by the above rules, the petition originally brought is one for the recovery of the fi. fa. or its value, though it contains other allegations of negligence or wrong not connected with an action of trover. *Fowler* v. *Davis,* 1 *Ga. App.* 549 (57 S. E. 939). A general demurrer to this petition was sustained and no exceptions were taken. It was conclusive as to all points which it necessarily decides. *Fain* v. *Hughes,* 108 *Ga.* 537 (33 S. E. 1012); *Georgia Northern Ry. Co.*

v. *Hutchins*, 119 *Ga.* 504 (46 S. E. 659); *Wheeler* v. *Board of Public Education*, 12 *Ga. App.* 152 (76 S. E. 1035); Civil Code (1910), §§ 4335, 4336, 4338. It is conclusive as to matters which might have been put in issue. *Hamlin* v. *Johns*, 41 *Ga. App.* 91 (151 S. E. 815). He must shoot all his guns in the first battle. *Smith* v. *Hornsby*, 70 *Ga.* 552, 557; *Sloan* v. *Price*, 84 *Ga.* 171 (10 S. E. 601, 20 Am. St. R. 354); *Winkles* v. *Simpson Grocery Co.*, 138 *Ga.* 482. The first action may or may not have been a hybrid, but it contained the essential allegations of the second suit. A final judgment in the first suit was a bar to the second. The court did not err in sustaining the certiorari.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*