Ferguson and others *vs.* Carter and others.

No. 86.—MARTHA H. FERGUSON and others, by their next friend, Asa Linch, plaintiffs in error, *vs.* JESSE CARTER and others, defendants.

[1.] Where a bill is dismissed on demurrer for want of Equity, and a second bill is filed, charging the same facts, and praying substantially the same relief, the judgment on demurrer may be pleaded in bar of the second bill.

In Equity, in Muscogee Superior Court. Decision by Judge ALEXANDER, May Term, 1850.

In 1842, a bill was filed by Martha H. Ferguson, a *feme covert*, and her children, by their next friend, alleging that on the 21st day of September, 1838, Richard Christmas, the father of Mrs. Ferguson, knowing the insolvency of James Ferguson, the husband, and to secure a provision for his daughter and her children, executed a deed of gift of certain slaves to " Martha H. Ferguson and her lawful children;" that it was his wish and intention to give this property in such manner that the husband should derive no interest or benefit therefrom, and to the sole and separate use of the wife ; and that from his ignorance as to the proper mode of framing the instrument, the same was a defective execution of his intention ; that after the execution of the deed, the negroes were delivered to Martha H. Ferguson. The bill alleged that Jesse Carter and two other judgment creditors of Ferguson had levied on the negroes, and a claim had been interposed by the next friend of Mrs. Ferguson and children.

The bill prayed the appointment of a trustee, an injunction of Carter and the other creditors, and that Ferguson might be decreed to release to complainants any claim or interest he might have under the deed.

This bill was demurred to—first, because Richard Christmas should be a party—second, for want of Equity. The demurrer was sustained by Judge Wellborn, then presiding, on the second ground, and the bill dismissed.

In 1846, another bill was filed by the same complainant against Jesse Carter and other creditors not included in the first bill, Ferguson and the executors of Richard Christmas, alleging, substantially, the same facts, except that the defective execution of

the intention of Richard Christmas, by the deed, arose either from the ignorance of the draughtsman, or a misapprehension of the wishes of Richard Christmas. The prayer was for a reformation and correction of the deed, so as to carry out the intention of the grantor.

To this bill, Carter filed a plea of the decision on demurrer to the former bill, in bar to the bill so far as he was concerned. On demurrer to the plea, the Court overruled the demurrer and sustained the plea. This decision is assigned as ground of error.

STURGES, for plaintiffs in error.

B. HILL, for defendants in error.

*By the Court*—LUMPKIN J. delivering the opinion.

[1.] It seems that in 1838, Richard Christmas, the father of Martha H. Ferguson, made a deed of gift to her and her children, of four slaves. Jesse Carter and two other judgment creditors had these negroes levied on as the property of Ferguson, the husband of the donee. A bill was filed in 1842, in behalf of Mrs. Ferguson and her children, suggesting that it was the intention of the donor to create a separate estate in this property for the wife and children, free from the marital rights of the husband; and praying that inasmuch as the instrument was defectively executed, that by a decision in Chancery, the omission might be supplied, by appointing a trustee for Mrs. Ferguson, and compelling James Ferguson, the husband, to relinquish all his rights in the property, and the creditors be perpetually enjoined from proceeding against this property. To this bill a demurrer was filed—

1st. For want of proper parties, Richard Christmas, the donor, not having been brought before the Court.

2dly. For want of Equity.

Judge *Wellborn*, who was then on the Bench, waived the consideration of the *first* ground, and sustained the demurrer on the *second* ground, and dismissed the bill. His opinion is spread upon the minutes of the Court, and has come up as a part of the transcript of the record. And from that, it appears that he held that it was inadmissible, by parol proof, to reform the deed of gift, and thereby make it speak a language different from its face.

Another bill is now filed in behalf of the same complainants, and, as we think, substantially for the same object. It is, to have the instrument reformed, and Carter, one of the creditors, and who was a defendant in the original bill, restrained from collecting his debt out of these negroes.

A plea of former recovery having been put in by Carter to this last bill, it was demurred to, and the demurrer overruled. In other words, the Circuit Court held that the plea was a good bar.

The object in both bills is the same—the allegations substantially so. It is true, that to the first bill, Richard Christmas is not made a party, and it was demurred to on that account. But the record establishes the fact, that the Judge before whom the cause was heard, waived this ground, and dismissed the bill for want of Equity.

It is argued that this opinion makes no part of the transcript. But even in its absence, we should be bound to presume what it affirmatively shows—namely, that the bill was dismissed on this account, the want of proper parties being no sufficient cause for dismissing a bill. For if the necessary parties can be made, the Court will always give leave for that purpose, either by an amendment or by a supplemental bill, when substantial justice between the actual parties to the suit, requires it. *Story's Eq. Pl.* §§237, 884. *Milligan vs. Mitchell,* 1 *Mylne. & Craig.* 433. *Mitf. Eq. Pl. by Jery.* 326.

It is true, that in the first bill the prayer is not in so many words, that the conveyance be reformed, but it seeks to accomplish the same object by decreeing that a trustee be appointed, that the husband relinquish to him, and that Carter and the other two creditors be enjoined. So far as Carter and these parties, then, are concerned, the issue of law involved in this litigation, has been decided on its merits. See *Saunders' Plead. and Ev.* 612, 613, where all the authorities upon this subject are collected.

Now, whether the judgment rendered upon the demurrer to the first bill was right or wrong, we are not permitted to inquire. It is enough for us that it was decided by a Court of competent jurisdiction, and that the judgment remains unreversed.

It only remains to affirm the judgment of the Superior Court overruling the demurrer to the plea.