Gray et al. vs. Gray et al.

service whatever; being carried to parts unknown, and with the knowledge and consent of said Jane Stovall, prevented from returning to the service of defendant, whereby the defendant was wrongfully deprived of the service of said negro from the 16th of April to the end of the year.

The Court, on motion of the plaintiff's counsel, ordered the second plea to be stricken out, and defendant excepted.

The case was tried, and the jury found for the plaintiff the principal and interest of the note, but nothing more.

STROTHER, for plaintiff in error.

AKERMAN, for defendant.

SARAH GRAY and JASPER J. MORRISON, plaintiffs in error, vs. JOHN GRAY and JOSEPH GRAY, defendants in error.

[1.] A decision of this Court, when in point, is *authority*.
[2.] A decision upon the merits, upon a demurrer, may be pleaded in bar of another suit.

In Equity.   In Elbert Superior Court.   Decision on Plea, by Judge THOMAS.   April Term, 1861.

In 1855, John Gray·and Joseph Gray filed a bill in Elbert Superior Court against Jane Ward, Sarah Gray, and Jasper J. Morrison, claiming that under the will of their father, Joseph Gray, deceased, they were entitled to certain negroes in remainder, upon the death of said Jane and Sarah without issue; that Jane and Sarah had no issue and were past the age of child-bearing, and had confederated with Morrison to defeat the rights of complainants by removing the negroes from the State.   The prayer was for a *ne exeat* or other sufficient process, under the Act of 1830.   *Cobb's Dig.* 527.   To this bill there was a demurrer, the defendants contending that the limitation in favor of complaints, in the will of their father, was void.   The demurrer was sustained and the bill dismissed in the Court below, and this judgment was affirmed by the Supreme Court.   *See* 20 *Ga. Rep.* 804.

In 1857 Jane Ward died, leaving no issue.

In 1860 the same complainants, John Gray and Joseph Gray, filed another bill against Sarah Gray and Jasper J. Morrison, the surviving defendants in the former bill, claiming that by the death of Jane Ward, one of the alleged tenants for life, they had become entitled to one-half of the property, and praying a division.

To this bill, defendants pleaded in bar the judgment of the Court dismissing the former bill, and showed a conveyance from Jane Ward to Morrison of her interest in the negroes, and alleged that he was thereby placed in privity with her.   The record of the former suit and this conveyance were made part of the plea by exhibit.

The Court ʼoverruled this plea; and this decision was brought up for review.

AKERMAN, for plaintiffs in error.

McKINLEY, for defendants.

Gray et al. vs. Gray et al.

Walker, J.

When the bill was filed in this case, for *ne exeat*, defendants said, " by way of demurrer, that complainants *take nothing 'under said will*; and that by`their own showing, they are not entitled to the relief sought, *or any other relief*, as to any or all the matters in said bill contained." This demurrer was sustained, and the bill dismissed. On the filing of the present bill, the decision on the general demurrer was pleaded in bar: the Court overruled the plea, and ordered defendants to answer; and this decision is brought up for review.

[1] When a question has once been decided by this Court, we desire it to be distinctly understood that such decision is, with us, *authority*. If counsel can furnish us a decision, of this Court, *in point*, he need go no further in his investigations. It is unnecessary to consume his own time and our's, in arguing that such decision is *the law*. With us such decision is *conclusive* of what the law is, until changed by the law making power. It may be that some of the decisions are not precisely what some of us would, were the question *res integra*, hold to be the law; but we consider a decision of our Court better evidence of what the law of Georgia is than what, in the absence of such decision, might be our individual opinions. We deem it of great importance that the decisions of this Court, so far as possible, should be uniform; and, as a general rule, will disturb them with reluctance. Counsel will, we hope, from this understand the importance of investigating *thoroughly* the decisions of this Court, touching any case which may be brought before it. He will thus be much more likely to gain his case, and will do both us and the State service, by enabling us to observe greater uniformity in our decisions. We would not be understood, however, as refusing to hear argument, in cases where counsel might ask permission to review a decision; but we do mean to say, that, until a decision may be

"reversed or materially changed," as provided for by the Code, sec. 210, that it is evidence, conclusive upon us, of what the law is.

In the case before us, this Court, upon general demurrer, dismissed complainant's bill. What was the effect of this judgment?

[2] "If the Court upon a demurrer has clearly decided upon the merits of the question between the parties, the decision may be pleaded in bar of another suit." *Mit. Eq. Pl., by Jeremy*, 216 (top page 254.) *Sto. Eq. Pl., sec.* 456, *and note* (3,) *Ib.* 793. This doctrine has been impliedly assented to, in two cases decided by this Court. *Black vs. Black, et al*, 27 *Ga. R.*, 45 ; *McGinnis vs. The Justices, etc.*, 30 *Ga. R.*, 55. We think the plea was sufficient to bar the claim of complainants. It was insisted in the argument, that these complainants, as heirs at law of Jane Ward, have rights in this property, and that they may amend their bill so as to have those rights enforced. When this case is returned to the Court below, the question of amendment may be passed upon there, as was decided in *Sullivan, Cabot & Co.*, 28 *Ga. R.*, 29.

Judgment reversed.