SATTERFIELD, administrator, *et al. v.* SPIER *et al.*

1. A plea filed by the maker of a promissory note given for the purchase-price of land, to a suit on the note brought by the payee thereof, setting up that the plaintiff gave to the defendant a bond for titles, in which the land was described as a given number of acres of a specified quality, to be laid off in a given shape and in a particular locality, and that the consideration of the note had partially failed, for the reason that the maker of the bond for titles, on account of conveyances of land to other persons, could not comply with his contract as to the shape and quality of the land sold, sets forth a good defense. In such a case, there being in the plea a proper prayer to that effect, the purchase-price of the land should be abated to the extent of the difference in value between the land contracted to be sold and the value of that which the maker of the bond was able to convey.
2. In the trial of such a suit as that above indicated, brought against both the maker of the note and a person who signed the same as security, a plea by the latter, setting forth the foregoing facts and alleging that by reason of misrepresentations as to the shape and quality of the land, made to him by the plaintiff, he was induced to sign the note as security, and that by reason of such misrepresentations his risk has been so materially increased as to discharge him from liability on his contract of suretyship, sets forth a good defense to the suit against him.
3. Where a debtor brings an equitable petition against his creditor, seeking to compel him to anticipate his right of action and set up the same in the equitable proceeding, and alleging that the debtor has certain defenses to the action, a judgment sustaining a general demurrer to such a petition, on the ground that no reason is set forth therein for either legal or equitable relief, will not operate as a bar to the right of the debtor to set up such defenses in a suit subsequently brought by the creditor on his demand.

Argued October 11, — Decided November 7, 1901.

Complaint.    Before Judge Harris.    City court of Cartersville. March 11, 1901.

*Thomas W. Milner & Sons* for plaintiffs in error.
*John W. Akin,* contra.

COBB, J.    J. H. Spier brought suit against George W. Satterfield as administrator of Mrs. Emily P. Stegall, as principal, and George W. Satterfield individually, as security, on two promissory notes. Pending the suit the plaintiff died, and his executrix, Mary Spier, was made a party plaintiff in his stead.    To the action Satterfield as administrator filed the following defenses: (1) There was a suit pending between the same parties relating to the same subject-matter, which at the date of the plea was pending in the Supreme Court on writ of error.    (2) The consideration of the note sued on was the

purchase-money of land described in a bond for titles given by Spier to Mrs. Stegall, and the bond did not correctly describe the land purchased.    (3) The consideration of the notes sued on has partially failed, for the reason that the notes were given in part payment of the purchase-money of land bought by Mrs. Stegall from Spier, and it was represented by him that she was to have, in connection with an eight-acre tract on the west side of the Etowah river in Cherokee county, Georgia, forty acres of good bottom land, to be surveyed off in a square as nearly as practicable, on the east side of the river; and when the land referred to in the bond for titles was attempted to be laid off by the surveyor, it was found that it was not practicable to lay off the same in a square, on account of conveyances which Spier had made to other persons of land which he owned on the east side of the river, and the only land which he owned on the east side of the river which could be conveyed to Mrs. Stegall was a tract in the shape of a triangle, very poor, and made of little value by washes and ditches.    It is alleged in the plea that the representations made by Spier to Mrs. Stegall with reference to his ability and willingness to convey the forty acres of land in the shape of a square on the east side of the river were false and fraudulent, and such a mistake on the part of Spier as amounted to a fraud upon Mrs. Stegall, and that she signed the notes upon the faith of the representations so made.    It is further alleged that the difference between the land which Spier represented himself as owning and intending to convey and the land which he was able to convey amounted to one thousand dollars.    The prayer of the plea was that the balance due upon the purchase-money of the land might be reduced by whatever sum should be found by the jury to be the difference between the value of the land bargained and the value of the land which Spier was able to convey.    Satterfield as an individual pleaded that he was induced to sign the notes as security by the fraudulent representations of Spier that Mrs. Stegall would have, when the land was surveyed off, forty acres of good bottom land on the east side of the Etowah river, in the shape of a square; that the forty acres of land so agreed to be conveyed was very valuable, being worth from thirty to forty dollars per acre; and that with the understanding that this land was to be described in the bond for titles and afterwards conveyed to Mrs. Stegall by Spier he signed his name to the notes as security.    It is alleged

that, since the notes were signed, the defendant has made an effort by a competent surveyor to lay off on the east side of the Etowah river a tract of land according to the description in the bond for titles, and has found that it is impossible to lay off forty acres of land belonging to Spier of the character represented by him, and that the only land belonging to Spier on the east side of the river at the place mentioned in the bond for titles is about forty acres of land in the form of a triangle, of very inferior quality, covered with washes and ditches, and of much less value than the land he understood to have been bargained to Mrs. Stegall. The plea alleges that there was a plain and distinct representation by Spier to Satterfield that the forty acres to be conveyed to Mrs. Stegall was to be good bottom land and would be laid off in a square, and that this representation not only induced Mrs. Stegall to purchase the land, but also induced Satterfield to sign her notes as security; and this conduct on the part of Spier is alleged to be fraudulent. For these reasons Satterfield as security insists that his risk has been increased, and that therefore he is discharged from all liability on account of his contract of suretyship.

Attached to the plea was a copy of the record in the case of *Satterfield* v. *Spier*, referred to in the first paragraph of the plea filed by the defendants, which was pending in the Supreme ·Court on writ of error at the time the plea was filed. This proceeding appears to have been an equitable petition brought by Satterfield, individually and as administrator of Mrs. Stegall, against Spier and others, in which it was prayed that the court construe the bond for titles to mean that forty acres should be laid off in a described way set forth in the prayer, and if the court should not be able to so construe the bond as it was written, it be so reformed as to amount to a contract on the part of Spier to convey forty acres in the manner described; and that if forty acres can be laid off only in land embraced in a triangular shape, petitioner be held to be discharged from liability as surety on the notes, and that a failure of consideration, to an amount stated, be adjudged in favor of his intestate's estate and deducted from the notes; and that Spier be enjoined from prosecuting any of the notes, except as he may set up the same in his answer to the petition. There was also a prayer for general relief. To this petition the defendants interposed a demurrer upon the following grounds: No cause of action is set

forth; no reason is shown in law or in equity why the defendants should not be allowed to proceed to collect the past-due indebtedness ; no cause for injunction is shown ; there is no allegation of insolvency ; and there is no reason set forth in the petition for the granting of either legal or equitable relief. This demurrer was sustained, and the case was brought, on writ of error, to the Supreme Court, where the judgment was affirmed. See *Satterfield* v. *Spier*, 112 *Ga.* 84. Subsequently to this, the present case came on to be tried. The plea setting up the pendency of another suit was not insisted on ; and a motion was made by the plaintiff to strike the other pleas for various reasons. Upon this motion the court entered a judgment striking the pleas, reciting in the order that the plaintiff having demurred to the pleas upon the ground that they set forth no sufficient defense and contained no sufficient allegations of fraud, accident, or mistake, and it not appearing that the defendants used any diligence to foresee and prevent the consequences which they now seek to avoid, and it further appearing from the exhibit to the pleas that all the issues presented by the pleas have been adjudicated adversely to the defendants and that the subject-matter of these defenses is res adjudicata, the demurrers are sustained and judgment rendered in favor of the plaintiff for the full amount sued for. To this judgment the defendants excepted.

1. The first plea of the defendant Satterfield, as administrator, was not insisted on. The second plea sets forth that the description of the land agreed to be conveyed in the bond for title is not the true description of the land which Spier intended to convey, and then proceeds to set forth what would be the true description of the land. Upon an examination of the bond for titles and the plea there does not seem to be any material difference in the way the land is described in the plea and the bond for titles. While the land is described in the plea in very general terms, the description is not inconsistent with that which is found in the bond for titles. There was no merit in this plea, and the court did not err in striking the same. The third plea, when construed as a whole, sets up that Spier had sold to Mrs. Stegall a tract of land containing a given number of acres of a specified quality, which was to be laid off in a particular way, out of land owned by Spier, and that subsequently to the contract of purchase it developed that Spier did not own the land necessary to comply with his contract, so far

as the shape and location and quality of the land were concerned, although he could have conveyed the requisite number of acres in another shape and of an inferior quality. The plea when properly construed is a plea of partial failure of consideration, resulting partially from a failure of title to a portion of the land bargained for, and partially from the fact that the land capable of being conveyed was different in quality from that which was the subject-matter of the sale. It is said, however, that the plea sets forth no defense, because it shows that Mrs. Stegall was lacking in diligence, and that she by the exercise of ordinary care could have discovered both that Spier did not own all of the land which he had agreed to sell, and that the land was not of the quality which he had represented it to be. Even if it be conceded that due diligence required Mrs. Stegall to go upon the land and examine it as to quality, and that she could have thus discovered that the representation as to this matter was not true, taking into consideration the character of the tract of land which was to be laid off by a surveyor in the future, it can not be said that the purchaser was lacking in diligence simply because she did not wait before closing the contract until after the survey had been actually made. She had a right to rely upon the representations that the seller owned the land, and it was not incumbent upon her before closing the trade to wait until a survey could be made and an investigation into the title be had. Under the view we take of this plea, it is immaterial whether the representations made were false and fraudulent or were made in the utmost good faith and were believed to be true. It is simply a case where a contract has been made to sell a particular tract of land, and the vendor can not carry out his contract because he does not own all of the land which he agreed to sell. Under such circumstances the purchase-money must be abated to such an extent that the vendee will not be required to pay for more than she actually obtains.

2. The plea of Satterfield as security sets up that his risk was increased by reason of the fact that he signed the notes as security upon the representations of Spier that there were to be forty acres of good bottom land in the shape of a square, lying on the east side of the Etowah river, in addition to other land described in the bond for titles; that this land was worth from thirty to forty dollars per acre; that the land which was agreed to be conveyed was

not of the shape, quality, or value it was represented to be; and that the difference was of such a character as to materially increase his risk as security.    We think this plea set up a good defense. Under its allegations, the risk of the security was increased to such an extent that he was discharged from liability on his contract of suretyship.    See, in this connection, Civil Code, § 2972; *Marchman* v. *Robinson*, 77 *Ga.* 40.

3. The only question that remains to be considered is whether the judgment sustaining the demurrer to the equitable petition in the case brought by Satterfield as administrator and in his individual capacity against Spier and others was such an adjudication of the questions raised by the pleas in the present case as to operate as a bar to the defenses sought to be set up in the present case. Our learned brother of the trial bench seems to have been of the opinion that the questions at issue in the present case were finally adjudicated adversely to the defendants in that case.    If Spier, in response to the equitable petition of Satterfield, had set up his right to a judgment on the notes against Satterfield both as an individual and as administrator, and the case had gone to trial on the issue made by the petition and such an answer, and resulted in a judgment in favor of Spier upon the notes now sued on, such a judgment would undoubtedly have been a bar to any defense that Satterfield, either as administrator or as an individual, might set up against the right of Spier to enforce the collection of his judgment, if the defense was of such a character as could have been insisted on in such suit.    But the case never went to trial; it was dismissed on demurrer.    When one has a claim or demand against another, which when asserted will result in a money judgment in favor of the plaintiff against the defendant, or in a judgment recovering property from the defendant, or in one in which there is a direct recovery by the plaintiff from the defendant, and files a petition setting up such claim and praying for either equitable or legal relief or both, and there is a general demurrer to such petition, on the ground that the plaintiff is not entitled to the relief prayed for, for the reason that he has not stated a cause of action in his petition, a judgment sustaining such demurrer is forever a bar to a suit by the plaintiff against the defendant on the claim or demand set forth in the petition, either upon the grounds set forth therein, or upon any ground which could have been added thereto

by way of amendment.    This principle is too well settled now by the rulings of this court to admit of controversy.    See *Greene* v. *Central Railroad Co.*, 112 *Ga.* 859, and cases cited.    There is a material difference, however, between this character of case and one in which a person against whom another holds a claim or demand of the character above referred to and which he is not attempting to assert, in anticipation of the future effort of the creditor to assert his demand either at law or in equity, files an equitable petition in which he sets up that this claim or demand is outstanding against him, and that he has certain defenses which he can make to it, and prays that equity may compel the creditor to assert his rights at once, so that these defenses may be set up.    A demurrer to such a petition, that no cause of action is set forth and that no reason for legal or equitable relief is set forth in the petition, raises simply the question whether the plaintiff is entitled to anticipate a future suit and bring his creditor into court in advance of the time when he might see fit to come in and bring the defendant in.    If such a demurrer is sustained, the judgment thereon operates simply as a bar to the right of the plaintiff to compel his creditor to sue him in advance of the time at which the creditor sees fit to proceed against him.    That this was the view entertained by this court when the equitable petition of Satterfield against Spier was before it is perfectly clear from the following language of Mr. Justice Fish at the conclusion of the opinion in that case:    "If the plaintiff has any good defense to these notes by reason of any misrepresentations by Spier which induced him to sign the notes, it will be time enough for him to set it up when Spier institutes such a suit, and he can then get the full benefit of it."

*Judgment reversed.    All the Justices concurring.*