## SMITH *v.* SMITH.

A judgment sustaining a general demurrer to a petition in an action at law brought in the superior court may be pleaded in bar to a petition praying for equitable relief, subsequently brought by the same plaintiff against the same defendant, alleging substantially the same facts as were set out in the petition in the former suit.

Argued February 21,—Decided March 23, 1906.

Equitable petition. Before Judge Lewis. Laurens superior court. January 27, 1905.

J. D. Smith brought an equitable petition against H. H. Smith, and alleged, that the plaintiff and the defendant entered into a partnership, on September 13, 1895, which continued until April 1, 1896, when by mutual consent the business ceased; that the defendant had never given plaintiff his share of the profits earned, and that all notes, accounts, stock, and other property were left in the possession of the defendant. A receiver, an equitable accounting, judgment, dissolution of the partnership, and process were

prayed for. The defendant filed a plea of res adjudicata, alleging that the same plaintiff had filed suit upon the same cause of action to the June term, 1901, of the same court, and that a general demurrer to the petition was sustained and the suit dismissed. By consent, the judge of the trial court passed upon the facts, sustained the plea of res adjudicata, and rendered judgment for the defendant. The plaintiff excepted.

*Peyton L. Wade, N. E. & W. A. Harris, T. L. Griner, J. B. Sanders, C. A. Weddington,* and *James K. Hines,* for plaintiff.

*F. G. Corker, Davis & Miller,* and *Hardeman & Jones,* for defendant.

Cobb, P. J. (After stating the foregoing facts.) It is admitted by the plaintiff in error that substantially the same facts are alleged in the present petition as were set up in the former suit; but it is contended that the first suit was an action at law and the second an equitable action, and that a judgment sustaining a general demurrer to a petition in an action at law could not be pleaded in bar to a petition in a subsequent equitable action, although the cause of action is the same. The original petition in the first suit prayed for judgment and process. By amendment, the petitioner prayed that the defendant be compelled to account to him for his profits and interest in the business, and for judgment for such amounts as might appear due. Irrespective of the question whether this first suit was one at law or in equity, a judgment upon its merits would, in our opinion, be a bar to a second suit upon the same subject-matter, and one which set up the same facts. A cause of action may be one which could be prosecuted in law or equity. The right infringed or the wrong done may entitle the person injured to different remedies. But the right to different remedies does not mean that each remedy arises from a separate right, or the commission of a separate wrong. The wrong which is the gravamen of both suits is the same. The right infringed as alleged in both suits is the same. The cause of action in both suits is the same. *City of Columbus* v. *Anglin,* 120 *Ga.* 785. "If upon demurrer the court has decided upon the merits of the cause, the judgment may be pleaded in bar of another suit for the same cause." Civil Code, § 3744. See *Fain* v. *Hughes,* 108 *Ga.* 537; *Satterfield* v. *Spier,* 114 *Ga.* 132; *Ferguson* v. *Carter,* 8 *Ga.* 524; *Perry* v. *McLendon,* 62 *Ga.* 598; *Green* v. *Central Ry. Co.,* 112 *Ga.* 860, and cit.     *Judgment affirmed. All the Justices concur.*