Cox <em>v.</em> Cox.

PER CURIAM. 1. The court erred in overruling the plea of res judicata. Under the decision in *Wilkinson* v. *Wilkinson*, 159 *Ga.* 332 (125 S. E. 856), the petition set out a cause of action for a divorce on the ground of cruel treatment, and also of willful and continued desertion. The

---

Judgments, 34 C. J. p. 894, n. 31.

prior suit, which was dismissed on general demurrer, set out the same state of facts. The petitions in both of the suits having alleged the same state of facts; whether one is called a suit based upon cruel treatment and the other a suit based upon willful and continued desertion, the dismissal of the former suit is a bar to the latter suit, the controlling question being whether the two petitions alleged the same state of facts. Civil Code (1910), § 4338; *Smith* v. *Smith,* 125 *Ga.* 83 (54 S. E. 73), and cit.

2. The above ruling disposes of the case. The court having erred *in* overruling the plea of res judicata, the further proceedings in the trial were nugatory. *Judgment reversed. All the Justices concur.*

No. 5491. OCTOBER 18, 1926. REHEARING DENIED NOVEMBER 25, 1926.

Divorce. Before Judge Humphries. Fulton superior court. May 18, 1926.

F. S. Cox, on April 6, 1925, filed suit for total divorce against Evelyn L. Cox, and alleged that he and the defendant lived together as husband and wife from the time of their marriage on October 18, 1883, until about May, 1917, when the defendant refused to cohabit with him, continuing in her refusal until November 30, 1919, when plaintiff left the defendant; that defendant's refusal of the conjugal relation, in addition to her constant nagging and abusing plaintiff, caused him such mental worry that it was impossible for him to live with her longer; that plaintiff had deeded to his wife all his property prior to her refusal to cohabit with him; and that defendant's conduct toward plaintiff was a "voluntary desertion from him" which had continued for more than three years. The defendant demurred specially to certain paragraphs of the petition, on the grounds of their being vague, indefinite, and inconclusive, or immaterial and irrelevant. The defendant also answered, denying the main allegations of the petition. The defendant, on May 18, 1925, filed her plea of res judicata, alleging that plaintiff, on August 17, 1920, had filed suit for total divorce against her, which the court had dismissed on plaintiff's motion; and that thereafter plaintiff had filed another suit against her for total divorce, upon the same grounds as were alleged in the present suit. The plea further alleged that when said second suit was reached for trial on November 19, 1924, defendant filed a motion to dismiss the same on the ground that it set forth no cause of action, which the court sustained; and that the judgment of the court dismissing said suit was a final adjudication of the subject-matter involved in the present suit

and a perpetual bar thereto. A copy of the dismissed suit, of an amendment of plaintiff thereto praying for a total divorce "on the ground of desertion," and of the order of the court disallowing said amendment were attached as an exhibit to the plea of res judicata. The same state of facts and alleged grounds for divorce were contained in the dismissed petition as are contained in the present petition. The court sustained one ground of demurrer and overruled others.

On motion of counsel for the plaintiff, the court struck the plea of res judicata. The defendant excepted pendente lite to the judgment overruling her grounds of demurrer, and to the judgment striking the plea of res judicata. The case came on for trial on May 18, 1926, when testimony by plaintiff was all the evidence introduced, at the conclusion of which the court directed a verdict for the plaintiff. To the judgment upon the demurrer and the plea of res judicata, and to the direction of a verdict for the plaintiff, the defendant excepted.

*Earl Sims,* for plaintiff in error.

*George & John L. Westmoreland,* contra.