McDONALD MORTGAGE & REALTY CO. *v.* FEINGOLD.

No. 6960. JULY 11, 1929.

Bennet & Peacock, for plaintiff in error.
W. H. Burl and Pottle & Hofmayer, contra.

BECK, P. J. The McDonald Mortgage & Realty Company having brought suits in the city court of Albany against Feingold on certain notes which had been given for a part of the purchase-money of a lot of land located in Lakeland, Florida, the defendant Feingold filed his petition to restrain their prosecution, on the ground that he could not there make his defense to the suits, as the same involved "the granting of affirmative relief, same being an equitable set-off, beyond the jurisdiction" of the court in which those suits were pending. Petitioner set forth the facts constituting the ground of his equitable defense, the basis of the defense which he claimed that he relied upon being fraud and fraudulent representation made by the plaintiff corporation and its agent, by and in consequence of which fraud petitioner was induced to conclude the contract for the purchase of the land in question, make a cash payment upon the purchase-price, and give his notes for the balance of the purchase-money, which are now sued upon. The prayers of the petition were for injunction, for general relief, and for damages. The equitable suit was filed November 10, 1928. Prior to the bringing of the present suit, and for the purpose in part of restraining the prosecution of the two suits in the city court of Albany upon two of the purchase-money notes, on September 5, 1927, the plaintiff in the present case filed an equitable petition containing, in addition to the prayer for injunction, a prayer for rescission of the contract. The facts alleged in the first and sec-

ond petitions are the same; the parties are the same. The first petition was dismissed on general demurrer, and to that judgment the plaintiff sued out a bill of exceptions and brought the case here for review; and after a hearing the judgment of the court below was affirmed. See *Feingold* v. *McDonald Mortgage & Realty Co.,* 166 *Ga.* 838 (145 S. E. 90), where the facts in that case, which are the same as in the present case, are set forth. When the present petition for injunction came on for a hearing, the defendant urged the plea of res adjudicata which it had filed, introducing the petition and the judgment in the former case and pleading the former adjudication as a bar to the petitioner's right to maintain the present suit. Upon the hearing of the petition, after evidence was introduced, the court granted an interlocutory injunction.

This was error. The court should have refused the injunction, for the reason that the matter was res adjudicata. While there was no specific prayer for damages in the first petition, the plaintiff relied upon the same facts as are set out in the present petition for relief. This additional prayer for damages might have been appropriately included in the other case. But the parties are the same, and the cause of action is the same. "The dismissal on demurrer of a petition bars another action based on the same facts, if in sustaining the demurrer the court necessarily ' decided upon the merits of the cause;' nor is a second suit in such case maintainable merely because the plaintiff prays therein not only for the relief originally sought but for other and further relief, the right to which, however, depends upon the identical allegations set forth in the first petition." *Fain* v. *Hughes,* 108 *Ga.* 537 (33 S. E. 1012); *Smith* v. *Smith,* 125 *Ga.* 83 (54 S. E. 73); *McWilliams* v. *Wallhall,* 77 *Ga.* 7; *Smith* v. *Hornsby,* 70 *Ga.* 552; *Hightower* v. *Cravens,* 70 *Ga.* 475; *Cox* v. *Cox,* 163 *Ga.* 93 (135 S. E. 504); *Lynch* v. *Jackson,* 31 *Ga.* 668; Civil Code, §§ 4335, 4336, 4338.

*Judgment reversed. All the Justices concur.*