HADDEN, guardian, *et al. v.* FUQUA, executor, *et al.*

No. 13821. SEPTEMBER 10, 1941.

*Bussey & Fulcher,* for plaintiffs in error.

*William K. Miller* and *Paul T. Chance,* contra.

DUCKWORTH, Justice. The judgment of the superior court of Johnson County, which defendant Hadden pleaded as a bar to the plaintiffs' action in Richmond County, was a ruling on a general demurrer, and hence was a judgment on the merits of the case. *Jordan* v. *Faircloth,* 34 *Ga.* 47; *Savannah, Florida & Western Ry. Co.* v. *Atkinson,* 94 *Ga.* 780 (2) (21 S. E. 1010); *Paulk* v. *Tanner,* 106 *Ga.* 219 (32 S. E. 99); *Dykes* v. *Jones,* 129 *Ga.* 99 (58 S. E. 645); *Emmett* v. *Dekle,* 132 *Ga.* 593 (64 S. E. 682); *Wilson*

v. *Augusta,* 165 *Ga.* 520 (141 S. E. 412). The Johnson County court had jurisdiction of the subject-matter of that suit; and whether or not it had jurisdiction of the defendant Hadden, he had a right to waive jurisdiction as to his person, and by presenting and having ruled thereon a general demurrer to the petition he thereby submitted to the jurisdiction of that court. *Ray* v. *Hicks,* 146 *Ga.* 685 (2) (92 S. E. 48). "Appearance and pleading shall be a waiver of all irregularities of the process, or of the absence of process, and the service thereof." Code, § 81-209. See also Code, § 81-503. The defendants in error in the demurrer to the plea of res judicata asserted that it failed to set forth essential portions of the suit in Johnson County. There is no merit in this contention, for it is evident that the petition demurred to, together with the demurrer and the judgment rendered thereon, is the only record necessary to a determination of the question presented by the plea. Although that court had previously sustained Hadden's plea to the jurisdiction, this did in no wise bar Hadden from subsequently submitting to the jurisdiction of the court by presenting his demurrer and procuring a judgment thereon. Such a judgment is binding upon all the parties, since, as shown by the plea, the writ of error seeking to review that judgment has been dismissed by the Supreme Court. The material substance of the petitions in both Johnson County and Richmond County is the same. The relief sought in both cases was an accounting by the guardian for all funds and property belonging to the estate of his ward. It did not alter this issue when the defendants Watson and Daley were named in the Richmond County petition solely as alleged conspirators with the guardian, whereby he misappropriated trust property. If there was no misappropriation on the part of the guardian, as the judgment in the Johnson County case adjudicated, then no grounds are set forth in the Richmond County petition entitling the plaintiffs to recover against the new defendants. Likewise the adjudication in favor of the guardian is a bar to any recovery against the surety on his bond. The test of whether there has been an adjudication that will constitute a bar is well stated in *Evans* v. *Birge,* 11 *Ga.* 265, as follows: "A fact which has been directly tried, and decided by a court of competent jurisdiction, can not be contested again between the same parties or their privies in the same or any other court. A judgment of a court of law,

or a decree in chancery, is an estoppel to the parties thereto and their privies, if it relates to the same subject-matter, and decides the question now in issue." See *Cheney* v. *Selman,* 71 *Ga.* 384; *Guess* v. *Stone Mountain Granite &c. Co.,* 72 *Ga.* 320. It is the rule that if additional relief is sought in the second action, but this additional relief is dependent upon the allegations of the first petition, the first judgment is a bar to the second action. This rule is stated in *Fain* v. *Hughes,* 108 *Ga.* 537 (33 S. E. 1012), as follows: "The dismissal on demurrer of a petition bars another action based on the same facts, if in sustaining the demurrer the court necessarily 'decided upon the merits of the cause;' nor is a second suit in such case maintainable merely because the plaintiff prays therein not only for the relief originally sought but for other and further relief, the right to which, however, depends upon the identical allegations set forth in the first petition." To the same effect, see *Greene* v. *Central of Georgia Railway Co.,* 112 *Ga.* 859 (38 S. E. 360) ; *Smith* v. *Smith,* 125 *Ga.* 83 (54 S. E. 73) ; *Moor* v. *Farlinger,* 138 *Ga.* 359 (75 S. E. 423) ; *Kennedy* v. *Ayers,* 166 *Ga.* 206 (142 S. E. 859); *McDonald Mortgage & Realty Co.* v. *Feingold,* 168 *Ga.* 763 (149 S. E. 132).

But it is insisted by the defendants in error that the auditor's report makes it clear that he tried this plea on its merits and that the evidence showed as a matter of law that there was no merit in the plea of res judicata. We do not agree to this contention. The auditor in making the ruling excepted to analyzes only the pleadings relevant thereto, and after making such analysis rules that the plea "can not stand." This clearly shows that the ruling made was on the sufficiency of the plea to withstand the demurrer, and was not based on any evidence in the case. While the language of the auditor in the ruling as made is construed to be a ruling sustaining the demurrer to the plea, yet in answer to the contention of the defendants in error that the ruling was made on the evidence we have examined the report of the auditor wherein the rulings on objections to testimony are set forth, and on page 20 of his report it appears that the plaintiffs in error offered in evidence before the auditor the records of the Johnson County suit, and the defendants objected, which objection was sustained, the auditor saying that the record had been dealt with in considering the plea of res judicata and "that plea and its allied pleas were dismissed."

On page 24, in ruling upon objections to certain testimony, the auditor says: "As to the latter part of this objection regarding the Johnson County suit, his testimony in that behalf is immaterial, for the reason that I have disposed of the Johnson County suit on overruling the plea of res adjudicata in another portion of this report." Then on page 26 of his report, in sustaining an objection to certain letters relating to the Johnson County suit, the auditor says: "This objection is sustained and it is my opinion that none of these letters had any relevancy to this issue as the overruling of the plea of res adjudicata of this suit had dismissed it from further consideration." The rule of res adjudicata stated in the Code, § 110-501, is controlling in the present case, and the former judgment was a legal bar to a recovery by the petitioners. The demurrer to the plea of res adjudicata should have been overruled, and the judgment overruling the exception to the auditor's findings sustaining the demurrer was error. Since a judgment on the merits of the plea of res adjudicata will have to precede any further trial of the main case, it is not deemed necessary to now rule upon other questions presented by the bill of exceptions.

*Judgment reversed. All the Justices concur.*