Where to a suit charging a devastavit against a guardian who does not reside in the county a plea to the jurisdiction is sustained, but the defendant procures of the court a judgment sustaining his general demurrer based upon the ground that no cause of action is alleged, the defendant thereby submits to the jurisdiction of the court, and the judgment sustaining the demurrer is valid and binding upon all parties. And where such a judgment is pleaded as a bar to a subsequent suit between the same parties and involving the same issues, it is error to dismiss the plea on demurrer. The second action does not avoid the former judgment by naming two additional defendants who it is alleged conspired with the guardian, nor by charging that the defendants caused the dismissal by the Supreme Court of a writ of error to the former judgment by persuading the clerk of the superior court to delay transmitting the record in the case.
 No. 13821. SEPTEMBER 10, 1941.
H. W. and T. L. Fuqua, as executors of the will of B. T. Fuqua, brought this action in Richmond superior court against A. O. Hadden, individually and as guardian of B. T. Fuqua, the Fidelity Casualty Company of New York as surety on the guardian's bond, Lester F. Watson, and R. M. Daley.
The petition in substance alleges, that on May 25, 1933, B. T. Fuqua of Laurens County, Georgia, executed a will in which the plaintiffs were nominated as executors; that on March 1, 1936, B. T. Fuqua became mentally unsound and incompetent, and upon his application to the ordinary of Laurens County A. O. Hadden was appointed guardian of the property of B. T. Fuqua; that Hadden qualified as guardian and gave bond in the amount of $5000, with Fidelity Casualty Company of New York as surety; that as guardian A. O. Hadden took possession and control of all the real and personal property belonging to B. T. Fuqua and retained possession and control until the death of his ward on February 18, *Page 669 
1939; that at the April term, 1939, of the court of ordinary of Laurens County the will of B. T. Fuqua was probated in solemn form, and letters testamentary were issued to plaintiffs, who have duly qualified as executors of the will; that the plaintiffs have made demand upon the guardian, A. O. Hadden, for all moneys that came into his hands as such, and for an accounting as required by law; and that these demands have been refused, and the guardian has failed to make any settlement or accounting with plaintiffs; that upon his appointment the guardian received in cash approximately $6100 belonging to the estate of his ward; that during his guardianship he has received in cash from the sale of personal property and for rents and profits from a fifteen-horse farm belonging to his ward approximately $3980; that since the death of his ward the guardian has continued to collect and to pay out moneys belonging to the estate, the amounts of which the plaintiffs for lack of information are unable to state, but which aggregate several hundred dollars; that the guardian during his trusteeship claims to have expended, for support and maintenance of the ward, $1389; for continuing farm operations for 1936 pursuant to an order of the court of ordinary, $200; for sums expended for taxes on realty, for bond premiums, and court costs, $1032, — making a total of $2621; that since his appointment as guardian Hadden and his attorneys, Lester F. Watson and R. M. Daley, have together wasted and misapplied the moneys coming into the hands of the guardian as aforesaid; that a just and true accounting will show the defendants are indebted to the plaintiffs in the approximate amount of $7500; that Hadden is insolvent; that his surety is liable only for the amount stated in the bond, $5000, and the defendants Watson and Daley are therefore necessary and indispensable parties defendant to this case; that notwithstanding the facts above alleged, the guardian, aided and assisted by Watson and Daley, has applied for and is endeavoring to obtain his dismissal as guardian in the court of ordinary, in an effort to conceal and shield their liability and avoid payment of the money due the estate; that the guardian has never made any returns in the manner required by law, and he has no right to ask for dismissal until he has made an accounting to and with plaintiffs; that the court of ordinary is without jurisdiction to grant the equitable relief against the defendants to which the plaintiffs are entitled and for which they pray; and that no *Page 670 
citation for settlement or accounting against the guardian has been filed in the court of ordinary. The prayers are that the defendants be enjoined from prosecuting further the application for the guardian's discharge in the court of ordinary; for a full accounting; for judgment against the defendants jointly for $5000, and for an additional recovery of $2500 against defendants Hadden, Watson and Daley, and for any additional amount found due upon the accounting; for general relief; and for process.
On September 18, 1940, an amendment of the plaintiffs' petition was allowed and filed. After reciting that B. T. Fuqua was seventy-six years old when the guardian was appointed, but that his mind was alert and active, and that he had accumulated considerable wealth and was making substantial profits each year from farm operations, the amendment makes general allegations of collusion on the part of Hadden in procuring his appointment as guardian; and alleges that the estate was of the approximate value of $15,000, but that the guardian misrepresented this value to the court of ordinary, in order to avoid giving a proper bond. It then takes up a number of orders of the court of ordinary which purport to authorize various expenditures by the guardian, and alleges that such orders were the result of a conspiracy, were obtained by fraud, and were invalid. The amendment attacks the validity of an order of the superior court awarding a total sum of $700 as attorneys' fees payable by the guardian from his ward's estate, alleging that this judgment is void. It also attacks an order of the court of ordinary allowing extra compensation to the guardian, and avers that for the reasons set out in the petition and amendment the guardian has forfeited any right to commissions. The amendment sets forth that on June 8, 1939, the plaintiffs filed in the superior court of Johnson County a suit for an accounting against the defendants Hadden and Fidelity Casualty Company, in which they prayed for injunction to restrain Hadden from proceeding with his petition for a discharge in the court of ordinary; that the defendant Hadden filed a plea to the jurisdiction and also demurred; that on July 29, 1939, judgment was entered in that court as follows: "After hearing within plea, the same is sustained and said proceedings as to A. O. Hadden are dismissed, and injunction dissolved;" that on August 11, 1939, the plaintiffs presented a bill of exceptions to review the judgment; that the judge called in counsel *Page 671 
for A. O. Hadden, and the question arose as to sustaining the demurrer of Hadden to give the Supreme Court jurisdiction; that the judge refused to act upon the demurrer, because the guardian had already been dismissed as a party; that counsel for defendants thereupon suggested that if plaintiffs would agree to a stipulation restricting the issues in the Supreme Court they would agree for the judge to sustain the demurrer; that thereupon judgment was rendered sustaining the demurrer, and another bill of exceptions was signed and certified by the judge; that the merits of the demurrer were never discussed by the court, and the court sustained the demurrer at the instance of counsel for A. O. Hadden, the defendant; that the bill of exceptions was filed with the clerk on August 11, 1939, and the costs incident to the appeal were paid to the clerk; that the defendants thereupon entered into a further conspiracy with the clerk to defraud the plaintiffs and to bring about a dismissal of the bill of exceptions; that the defendants, for a consideration unknown to plaintiffs, persuaded the clerk to hold up the record and deceive the plaintiffs into believing that the record had been transmitted to the Supreme Court; that the record was held up until December 18, 1939, when the plaintiffs with the aid of the judge persuaded the clerk to transmit the record; and that the bill of exceptions was thereafter dismissed by the Supreme Court, because of the delay in its transmission. The amendment contained prayers that the orders therein referred to be decreed null and void, and that the plaintiffs have general relief. The petition was further amended in immaterial respects, but for the purpose of elaborating allegations already made.
At the appearance term of the Richmond County suit, A. O. Hadden filed a plea of res judicata. This plea alleged that the matters involved in plaintiffs' suit had been adjudicated against petitioners in a proceeding to which petitioners and defendants were parties, being a suit by petitioners against this defendant and Fidelity Casualty Company in the superior court of Johnson County, filed on June 8, 1939. Copies of the plaintiffs' petition in the Johnson County case, the defendants' demurrers thereto, the judgment sustaining the demurrer, and the remittitur of the Supreme Court dismissing the writ of error taken to the judgment on the demurrer were attached as exhibits to the plea of res adjudicata, and are in substance as follows: The petition, headed *Page 672 
"State of Georgia, Johnson County. To the Superior Court of said County," was in the name of T. L. and H. W. Fuqua, as executors under the will of B. T. Fuqua, and against A. O. Hadden, as guardian of the property of B. T. Fuqua, and Fidelity Casualty Company of New York, as surety on the guardian's bond. The petition alleged, that on May 25, 1933, B. T. Fuqua of Laurens County executed his last will, by the terms of which the plaintiffs were duly appointed executors; that on March 1, 1936, B. T. Fuqua became mentally unsound and incompetent, and A. O. Hadden, upon his application, was appointed guardian of the property of B. T. Fuqua by the court of ordinary of Laurens County; that the guardian qualified about April 13, 1936, and gave the defendant casualty company as surety on his bond; that upon his appointment Hadden took possession of all the property, real and personal, belonging to B. T. Fuqua, and remained in possession and control thereof until the death of B. T. Fuqua in February, 1939; that the plaintiffs after the death of their testator had his will probated in solemn form in the court of ordinary of Laurens County, and letters testamentary were issued to them; that the plaintiffs thereupon made demand upon the guardian Hadden for moneys and property belonging to the estate of his ward, and for a true and correct accounting as required by law; that the defendant refused their demands and refused to deliver to plaintiffs money and property in his hands as guardian, except $1276 as shown by his return; that as guardian Hadden had collected and received as property of the estate approximately $15,000; that he had squandered and misappropriated the greater portion and claimed to have on hand only about $1200; that he claimed to have made various disbursements, which the plaintiffs alleged were unauthorized under the law or any valid order of the court; that he had never made any proper returns to the court of ordinary, and there had been no inquiry into his acts and doings by the ordinary's court; that notwithstanding the facts above alleged Hadden had made application to the court of ordinary for a discharge as guardian; that he was not entitled to be discharged or proceed further with his application until he had made an accounting for all of the moneys coming into his hands as aforesaid; and that a correct accounting would show an indebtedness to plaintiffs of approximately $10,000. The prayers of the petition were for a full and complete accounting by *Page 673 
the defendants; for an injunction restraining further proceedings by Hadden for his discharge in the court of ordinary; for joint and several judgments against the defendants for $10,000; for rule nisi; for permanent injunction; for proper service; and for general relief. An amendment of the petition was allowed on July 29, 1939, in which it was alleged, that upon his appointment the guardian received in cash $6100 belonging to his ward; that thereafter he received in cash from the sale of personal property belonging to his ward, and from rents and profits collected from a fifteen-horse farm belonging to his ward the additional sum of $3981, making a total of $10,081 received by the guardian; that prior to the death of his ward the guardian expended and is entitled to charge against the estate the following sums: support and maintenance of ward, $1389; for continuing farm operations for the year 1936, not to exceed $200; for sums expended for taxes on realty, for bond premiums and court costs, $1032; that since the death of his ward the guardian had filed with the court of ordinary documents purporting to be annual returns for the years 1936, 1937, and 1938; that the guardian had paid himself $1057 as commissions, but the plaintiffs alleged that he was not entitled to commissions, because he had breached his trust, misappropriated funds, and failed to make returns. The petition further listed a number of judgments and orders of the court of ordinary which were attacked upon various grounds, attacked a judgment of the superior court awarding attorneys' fees of $700 against the estate belonging to the ward, as invalid; alleged that the guardian was insolvent, and asked for judgment jointly and severally against the defendants for $5000 or such other amount as the evidence might show that they were entitled to. Hadden filed a demurrer to said petition, asserting that no cause of action was set forth; that the petition failed to allege facts to justify or authorize the relief prayed for; and many other grounds, both general and special. The following judgment was entered on the demurrer: "The within demurrer coming on to be heard, and after argument the same is hereby sustained. This July 29, 1939. J. L. Kent, Judge Sup. Court Dublin Circuit." The remittitur of the Supreme Court recites that the case came before the court upon a writ of error from the superior court of Johnson County; and, after argument, it is considered and adjudged that the writ of error be dismissed. *Page 674 
The petitioners filed demurrers to the defendants' plea of res judicata, and alleged as grounds of demurrer, that the plea set forth no defense to plaintiffs' action; that no fact or matter was alleged as a basis for the plea; that pertinent portions of the record in the Johnson County case were omitted, and a complete copy of that record was not set forth as required by law; that the parties were different; and that the cause of action was not the same in the two cases. The auditor's report ruling on the demurrer to the plea of res judicata stated that the guardian contended that the plaintiffs in the present case as executors instituted a suit in Johnson County in which the defendants in the present case were the same, the issue the same, and that the adjudication in the Johnson County suit was binding in the Richmond County suit, and therefore that they were barred. The report states that the auditor finds that the plaintiffs in both cases are the same, but that while the suit in Richmond County is against all of the defendants in the suit in Johnson County, it has two additional defendants, Watson and Daley. The auditor further states that "the issues raised in the Johnson County suit are likewise raised in the Richmond County suit, but in the latter suit there are additional issues raised. And thus we see that the plea can not be good, because of the new issues and the new parties." The auditor recites that under the Code, § 110-501, the new parties could have been named defendants in the Johnson County suit, but that the new issue could not have been made in that suit, and states the new issue as being that raised by the plaintiffs' amendment filed on September 18, 1940, in the Richmond County suit, wherein it is alleged that the defendants bribed the clerk of the superior court of Johnson County and caused him to delay forwarding the record to the Supreme Court within the time allowed by law. The auditor states that this issue could not have been raised in the Johnson County suit, and thus "I am of the opinion that this plea of res adjudicata can not stand." To this ruling of the auditor on the plea of res judicata exception of law was filed, as follows: "The auditor in his findings of law on the plea of res adjudicata filed by A. O. Hadden in his representative capacity as guardian of B. T. Fuqua, on page 4 of his report, ruled as follows: `I am of the opinion that this plea of res adjudicata can not stand.' This ruling was error and contrary to law, for the reasons which will hereinafter appear." Then follows *Page 675 
the substance of the plea of res judicata, containing the records of the Johnson County case, the judgment sustaining the demurrer, and the judgment of the Supreme Court dismissing the writ of error. The exception recites that the ruling of the auditor amounts to a ruling sustaining the general demurrer to the plea of res judicata, and recites that such ruling was error, and that the demurrer should have been overruled and should not have been sustained, because the two proceedings involved the same parties, the same issues, and sought the same relief, and that the judgment sustaining the general demurrer in the Johnson County suit was a judgment on the merits of the plaintiffs' action. On April 22, 1941, the judge of the superior court of Richmond County entered a final judgment, approving the auditor's report and reciting that the auditor filed his report on March 10, 1941, to which both the plaintiffs and the defendants filed exceptions of law and the defendants filed a motion to recommit, and then ruled in the following language: "This motion and exceptions came on for hearing April 11, 1941, and are now before the court for determination. . . The exceptions of law and fact filed by the plaintiffs are overruled and disallowed, and the exceptions of law filed by the defendants and their motion to recommit are also overruled and disallowed. . ." Judgment was entered in favor of the plaintiffs and against the defendants for $6062.34 together with $250 auditor's fees and $125 stenographic fees. By writ of error the defendants Hadden and Fidelity Casualty Company excepted, assigning error upon the judgment overruling the motion to recommit, the judgment overruling and disallowing the exceptions of law, and the judgment decreeing that these defendants pay stated amounts to the plaintiffs.
The judgment of the superior court of Johnson County, which defendant Hadden pleaded as a bar to the plaintiffs' action in Richmond County, was a ruling on a general demurrer, and hence was a judgment on the merits of the case.Jordan v. Faircloth, 31 Ga. 47; Savannah, Florida Western Ry. Co. v. Atkinson, 91 Ga. 780 (2) (21 S.E. 1010);Paulk v. Tanner, 106 Ga. 219 (32 S.E. 99); Dykes v.Jones, 129 Ga. 99 (58 S.E. 645); Emmett v. Dekle,132 Ga. 593 (61 S.E. 682); Wilson *Page 676 
v. Augusta, 165 Ga. 520 (141 S.E. 412). The Johnson County court had jurisdiction of the subject-matter of that suit; and whether or not it had jurisdiction of the defendant Hadden, he had a right to waive jurisdiction as to his person, and by presenting and having ruled thereon a general demurrer to the petition he thereby submitted to the jurisdiction of that court.Ray v. Hicks, 146 Ga. 685 (2) (92 S.E. 48). "Appearance and pleading shall be a waiver of all irregularities of the process, or of the absence of process, and the service thereof." Code, § 81-209. See also Code, § 81-503. The defendants in error in the demurrer to the plea of res judicata asserted that it failed to set forth essential portions of the suit in Johnson County. There is no merit in this contention, for it is evident that the petition demurred to, together with the demurrer and the judgment rendered thereon, is the only record necessary to a determination of the question presented by the plea. Although that court had previously sustained Hadden's plea to the jurisdiction, this did in no wise bar Hadden from subsequently submitting to the jurisdiction of the court by presenting his demurrer and procuring a judgment thereon. Such a judgment is binding upon all the parties, since, as shown by the plea, the writ of error seeking to review that judgment has been dismissed by the Supreme Court. The material substance of the petitions in both Johnson County and Richmond County is the same. The relief sought in both cases was an accounting by the guardian for all funds and property belonging to the estate of his ward. It did not alter this issue when the defendants Watson and Daley were named in the Richmond County petition solely as alleged conspirators with the guardian, whereby he misappropriated trust property. If there was no misappropriation on the part of the guardian, as the judgment in the Johnson County case adjudicated, then no grounds are set forth in the Richmond County petition entitling the plaintiffs to recover against the new defendants. Likewise the adjudication in favor of the guardian is a bar to any recovery against the surety on his bond. The test of whether there has been an adjudication that will constitute a bar is well stated in Erans v. Birge, 11 Ga. 265, as follows: "A fact which has been directly tried, and decided by a court of competent jurisdiction, can not be contested again between the same parties or their privies in the same or any other court. A judgment of a court of law, *Page 677 
or a decree in chancery, is an estoppel to the parties thereto and their privies, if it relates to the same subject-matter, and decides the question now in issue." See Cheney v. Selman,71 Ga. 384; Guess v. Stone Mountain Granite c Co., 72 Ga. 320. It is the rule that if additional relief is sought in the second action, but this additional relief is dependent upon the allegations of the first petition, the first judgment is a bar to the second action. This rule is stated in Fain v. Hughes,108 Ga. 537 (33 S.E. 1012), as follows: "The dismissal on demurrer of a petition bars another action based on the same facts, if in sustaining the demurrer the court necessarily `decided upon the merits of the cause;' nor is a second suit in such case maintainable merely because the plaintiff prays therein not only for the relief originally sought but for other and further relief, the right to which, however, depends upon the identical allegations set forth in the first petition." To the same effect, see Greene v. Central of Georgia Railway Co., 112 Ga. 859
(38 S.E. 360); Smith v. Smith, 125 Ga. 83 (54 S.E. 73);Moor v. Farlinger, 138 Ga. 359 (75 S.E. 423); Kennedy v.Ayers, 166 Ga. 206 (142 S.E. 859); McDonald Mortgage Realty Co. v. Feingold, 168 Ga. 763 (149 S.E. 132).
But it is insisted by the defendants in error that the auditor's report makes it clear that he tried this plea on its merits and that the evidence showed as a matter of law that there was no merit in the plea of res judicata. We do not agree to this contention. The auditor in making the ruling excepted to analyzes only the pleadings relevant thereto, and after making such analysis rules that the plea "can not stand." This clearly shows that the ruling made was on the sufficiency of the plea to withstand the demurrer, and was not based on any evidence in the case. While the language of the auditor in the ruling as made is construed to be a ruling sustaining the demurrer to the plea, yet in answer to the contention of the defendants in error that the ruling was made on the evidence we have examined the report of the auditor wherein the rulings on objections to testimony are set forth, and on page 20 of his report it appears that the plaintiffs in error offered in evidence before the auditor the records of the Johnson County suit, and the defendants objected, which objection was sustained, the auditor saying that the record had been dealt with in considering the plea of res judicata and "that plea and its allied pleas were dismissed." *Page 678 
On page 24, in ruling upon objections to certain testimony, the auditor says: "As to the latter part of this objection regarding the Johnson County suit, his testimony in that behalf is immaterial, for the reason that I have disposed of the Johnson County suit on overruling the plea of res adjudicata in another portion of this report." Then on page 26 of his report, in sustaining an objection to certain letters relating to the Johnson County suit, the auditor says: "This objection is sustained and it is my opinion that none of these letters had any relevancy to this issue as the overruling of the plea of res adjudicata of this suit had dismissed it from further consideration." The rule of res adjudicata stated in the Code, § 110-501, is controlling in the present case, and the former judgment was a legal bar to a recovery by the petitioners. The demurrer to the plea of res adjudicata should have been overruled, and the judgment overruling the exception to the auditor's findings sustaining the demurrer was error. Since a judgment on the merits of the plea of res adjudicata will have to precede any further trial of the main case, it is not deemed necessary to now rule upon other questions presented by the bill of exceptions.
Judgment reversed. All the Justices concur.