18369. NORTHERN ASSURANCE COMPANY, LTD. *v.*
ALMAND, Administrator.

ARGUED OCTOBER 14, 1953—DECIDED NOVEMBER 9, 1953—
REHEARING DENIED NOVEMBER 25, 1953.

*Hamilton Lokey, Lokey, Bowden & Rolleston,* for plaintiff in error.

*O. J. Tolnas,* contra.

CANDLER, Justice. This case is before the Supreme Court on certiorari to the Court of Appeals. Briefly and in substance the record shows: On April 6, 1951, Preston M. Almand, as administrator of the estate of Mrs. Annie Laurie Hyman Reece, sued Northern Assurance Company, Ltd., in the Superior Court of Clarke County on a fire-insurance contract. On instructions

from the plaintiff no process issued and the defendant was not served, though the petition was filed and given a docket number. The petition was amended on June 28, 1952, and the amendment contained a prayer for process and service. The amendment was allowed by the court subject to objection and demurrer.

The defendant demurred to the petition as amended on the following grounds: 1. "Defendant demurs generally to plaintiff's petition as amended upon the ground that same fails to state a cause of action in favor of the plaintiff and against the defendant. 2. Defendant demurs to plaintiff's petition as amended upon the ground that said petition as amended shows upon its face that the original petition was filed on April 6, 1951, returnable to the July term, 1951, of Clarke Superior Court, but that no process was issued on said original petition; that plaintiff amended said petition on June 28, 1952, by alleging that no process had been issued on said original petition and praying that an order be passed authorizing and directing the Clerk of Clarke Superior Court to proceed with the issuance of process in the above stated case; that on June 28, 1952, said amendment was allowed subject to objection and demurrer and ordered filed and on June 28, the Judge of the Superior Court for the Western Circuit, Honorable Henry H. West, ordered that process issue in said case returnable as provided by law; that the judge in such a case was without authority at or after the return term of court to order a new process to issue; and that under the law of Georgia the process issued under the court's order of June 28, 1952, is null and void and of no force and effect, and since no valid and legal process ever issued in the case, the same is a mere nullity and subject to dismissal on demurrer. 3. Defendant demurs to plaintiff's petition as amended upon the ground that said amended petition shows upon its face that no process issued on the original petition and that process cannot be later supplied by amendment and said petition, having no valid process issued in connection therewith, is null and void and does not constitute a lawful and valid suit against this defendant." The demurrers were sustained on August 15, 1952, by an order which reads as follows: "The within and foregoing demurrers coming on for hearing before me, and after hearing argument of counsel, the general demurrers of the defendant, Nos. 1, 2, and 3, are hereby sustained and the petition is dismissed. . ."

After the suit was thus dismissed and on the same day of its dismissal, the plaintiff paid the costs which had accrued in the superior court and filed a new suit on the same cause of action, and against the same defendant, in the City Court of Athens. Subsequently and on August 18, 1952, Almand, as administrator aforesaid, sued out a writ of error to the Court of Appeals and assigned error on the judgment sustaining the general demurrers to his petition and upon the order of dismissal. The defendant in error (Northern Assurance Company, Ltd.) filed a motion in the Court of Appeals to dismiss the writ of error on the ground that Almand, as administrator, had acquiesced in the judgment complained of in the bill of exceptions, and had forefeited his right to have the Court of Appeals review it, by filing a new suit on the same cause of action, against the same party and in another court, prior to the date on which he sued out his writ of error. This motion was sustained by the Court of Appeals on November 13, 1952, by the following judgment: "This case came before this court upon a writ of error from the Superior Court of Clarke County; and, after argument had, it is considered and adjudged that the writ of error be dismissed." See *Almand v. Northern Assurance Co., Ltd.*, 87 *Ga. App.* 195 (73 S. E. 2d 101).

The judgment of the Court of Appeals was made the judgment of the Superior Court of Clarke County on December 11, 1952. Thereafter and in the suit which was then pending in the City Court of Athens, Northern Assurance Company, Ltd., filed a plea of res judicata, basing that plea in bar upon the judgment which had been rendered in the Superior Court of Clarke County on August 15, 1952, namely, the judgment of Clarke Superior Court which dismissed the plaintiff's petition as amended on those general demurrers which the defendant interposed thereto. By agreement, the case was submitted to the trial judge, for determination without the intervention of a jury, who, after hearing evidence, sustained the plea of res judicata and in consequence of his finding entered final judgment accordingly. To this the plaintiff excepted and sued out a writ of error to the Court of Appeals. With Chief Judge Sutton and Judge Worrill dissenting, the Court of Appeals reversed the trial court and held that the defendant's plea of res judicata should

not have been sustained and that it was reversible error to do so. On proper application therefor, certiorari was granted by this court to review the ruling made by the Court of Appeals.

This case, as we view it, does not present a difficult question. The two suits were brought by the same plaintiff, against the same defendant, and for the purpose of enforcing the same fire-insurance contract. The first suit was dismissed on general demurrer by a judgment which has not been reversed or modified; and that unchanged judgment, whether right or wrong, is the law of the case. *Gray* v. *Gray*, 34 *Ga.* 499; *Smith* v. *Floyd County*, 85 *Ga.* 420, 422 (11 S. E. 850); *Fain* v. *Hughes*, 108 *Ga.* 537 (33 S. E. 1012); *Satterfield* v. *Spier*, 114 *Ga.* 127, 132 (39 S. E. 930); *Ga. Northern Ry. Co.* v. *Hutchins & Jenkins*, 119 *Ga.* 504, 510 (46 S. E. 659); *Farmers &c. Bank* v. *Willie*, 157 *Ga.* 39, 40 (120 S. E. 603); *Smith* v. *Bird*, 189 *Ga.* 105 (5 E. 2d 336); *Byrd* v. *Goodman*, 195 *Ga.* 621 (2) (25 S. E. 2d 34). In sustaining ground one of the demurrers to the petition as amended, the Superior Court of Clarke County—a court of competent jurisdiction—adjudicated solemnly and finally that the plaintiff had no cause of action growing out of the contract declared on, and therefore was not entitled to the relief sought. This case, therefore, is controlled by Code § 110-504, which declares that, "If upon demurrer the court shall decide upon the merits of the cause, the judgment may be pleaded in bar of another suit for the same cause." See, in this same connection, *Gray* v. *Gray*, supra; *Cox* v. *Cox*, 163 *Ga.* 93 (135 S. E. 504). Accordingly, we must reverse the judgment rendered by the Court of Appeals in the case at bar.

*Judgment reversed. All the Justices concur, except Duckworth, C. J., not participating, and Worrill, J., disqualified.*